■ NATIONAL BANK OF PAKISTAN, Respondent-Appellant, v SAEED A. BASHAM, Appellant-Respondent et al., Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County (Alvin F. Klein, J.), entered December 30, 1987, which, *inter alia,* granted plaintiff's motion for summary judgment on the first, second, third, and fourth causes of action in the complaint, unanimously modified, on the law, without costs, plaintiff's motion to dismiss defendant Basham's first, second, and third counterclaims granted, and, as modified, affirmed.

Defendant Basham, a former employee of the plaintiff bank, over a two-year period permitted a check-kiting scheme whereby a customer made deposits using checks drawn on insufficient funds or closed accounts, and then replaced those checks, when dishonored, with new checks. Eventually, checks totaling $256,000 were dishonored. These dishonored checks were not replaced, but instead defendant Basham looted an inactive account to cover the overdrafts. Defendant admitted below that he debited the inactive account and concealed his actions in doing so. Upon the eventual discovery of these activities, defendant pleaded guilty to the felony of falsifying business records in the first degree.

We agree with the court below that defendant's guilty plea should be given collateral estoppel effect, even though the conviction was entered upon a plea of guilty. *(Alexander v City of Peekskill,* 80 AD2d 626.) In any event, irrespective of the criminal proceeding, the documentary evidence submitted by plaintiff, combined with defendant's admissions in the court below, conclusively demonstrates that no issues of fact exist as to those causes of action for which plaintiff was granted summary judgment.

We are also in agreement that the court below properly dismissed defendant's fourth and fifth counterclaims for wages, since it is established that an employee is not entitled to compensation during the period of his disloyalty. *(Defler Corp. v Kleeman,* 19 AD2d 396, *affd* 19 NY2d 694.) However,

the court should also have dismissed the first, second and third counterclaims which sought vacation pay and other fringe benefits, as well as amounts under a pension plan and an employee benefit plan. The rules of defendant's employment and of the pension plan provided that all such benefits would be forfeited upon defendant's discharge for misconduct, and as to the "Provident Fund", defendant has offered no evidence that he has met the conditions which would entitle him to any benefits from the fund. Concur—Carro, J. P., Milonas, Wallach and Smith, JJ.