■ RENAE WILLER, Appellant, v̇ 61 JANE STREET TENANTS CORP. et al., Defendants, and WILCOX CONSTRUCTION CO. OF LONG ISLAND, INC., Respondent.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered March 19, 1991, which granted the motion of defendant Wilcox Construction Co. of Long Island, Inc. ("Wilcox"), for summary judgment dismissing the complaint and cross-claims, and which *sua sponte* imposed a sanction of $2,000 against plaintiff for the bringing of a frivolous claim, unanimously modified, on the law, to vacate said sanction, and the matter is remanded for a hearing and determination pursuant to 22 NYCRR 130-1.1 *et seq.,* without costs.

In this action, plaintiff, Renae Willer, seeks to recover damages for personal injuries sustained on September 16, 1989, when a heavy planter fell on her 17th floor apartment terrace and landed on her left hand. The accident occurred as the planter was being moved by a workman.

Plaintiff commenced suit on or about January 16, 1990, against the owner of the building, 61 Jane Street Tenants Corp., its manager, a contractor, and Wilcox, the subject of this appeal. With respect to the claim against Wilcox, the complaint states that on September 16, 1989, this defendant performed work, labor and services at the premises, or managed, supervised, and controlled such work. Affidavits submitted to the IAS court, however, made clear that Wilcox's work at 61 Jane Street was limited to the erection of a sidewalk bridge ten feet above the street level, which was completed more than two months before plaintiff's accident. Neither plaintiff nor the co-defendants were able to establish any manner in which Wilcox's work may have been related to the

fall of the planter on the 17th floor terrace two months after this construction company left the site.

We agree with the IAS court's determination that, in the circumstances presented, the assertion that depositions and other discovery proceedings may link Wilcox to the accident is speculative and insufficient to sustain the cause of action against it. There simply does not appear to be a basis for a claim against this defendant, whose records establish that it was not present at the location on the day of the accident, and that its work was confined to the construction of a sidewalk bridge.

However, plaintiff should have been accorded an opportunity to be heard prior to the imposition of the sanction. As specified in 22 NYCRR 130-1.1 (d), "[a]n award of costs or the imposition of sanctions may be made * * * upon the court's own initiative, *after a reasonable opportunity to be heard.* The form of the *hearing* should depend upon the nature of the conduct and the circumstances of the case." (Emphasis added; *see, Hendrickson v Saratoga Harness Racing,* 170 AD2d 719, 721; *Giblin v Anesthesiology Assocs.,* 171 AD2d 839, 840-841.)

For these reasons, the order of the IAS court is modified, solely to the extent of vacating the sanction, and the matter is remanded for a hearing and determination pursuant to 22 NYCRR 130-1.1 *et seq.* Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.