■ JEROME R. McDOUGAL, JR., Appellant, v APPLE BANK FOR SAVINGS et al., Respondents. APPLE BANCORP, INC., et al., Respondents, v JEROME R. McDOUGAL, JR., Appellant. [606 NYS2d 215] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about October 14, 1993, which, *inter alia,* denied plaintiff-appellant's motion for summary judgment on his fifth and sixth causes of action to recover the value of certain stock options and fourth cause of action for interim attorneys' fees, unanimously modified, on the law to dismiss the sixth cause of action insofar as it alleges conversion and otherwise affirmed, without costs.

The record clearly demonstrates that plaintiff did not attempt to exercise his right to purchase stock under the option agreements, but instead tendered a surrender of the options for cash in accordance with the terms of his employment agreement. The attempted surrender took place more than seven months before the merger between the newly created Apple Merger Corp. into defendant Apple Bancorp, Inc., and thus the fact of such merger has no bearing on plaintiff's right to payment. The issue, rather is whether the stock option agreements were valid at the time of the attempted surrender. In that regard, defendants' opposition to plaintiff's motion for summary judgment raised issues of fact whether the purportedly disinterested Executive Committee exercised independent

business judgment in granting the options to plaintiff, and concomitantly whether there was adequate consideration for the options granted *(see, Cohen v Ayers,* 449 F Supp 298, 313, *affd* 596 F2d 733). In addition, while we do not decide now whether the rule regarding a faithless employee's forfeiture of compensation *(see, Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133) applies to plaintiff's rights under the option agreements *(compare, National Bank v Basham,* 148 AD2d 399, *with Hermanowski v Acton Corp.,* 580 F Supp 140, 143 [option contract is essentially an irrevocable offer], *revd in part on other grounds* 729 F2d 921; *Hadden v Consolidated Edison Co.,* 34 NY2d 88), we do find issues of fact whether plaintiff was a faithless servant.

Summary judgment also was properly denied with respect to plaintiff's demand for indemnification, there being issues of fact whether he is entitled to indemnification under section 4 of Article IX of the Bank's bylaws. We would also note that the bylaw indemnification provisions clearly do not cover expenses incurred in connection with the action commenced by plaintiff but only to such actions commenced "by or in the right of the Bank".

Finally, on a motion for summary judgment, the court is authorized to search the record and to grant judgment in favor of a nonmoving party (CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112). Since, under the contracts, plaintiff never had a possessory interest in the stock in issue, his allegation that defendants cancelled or failed to honor his rights under the option agreements at best states a cause of action only for breach of contract *(see, Hermanowski v Acton Corp.,* 580 F Supp, *supra,* at 144; *Simon v Electrospace Corp.,* 28 NY2d 136, 145). Accordingly, to the extent that plaintiff's sixth cause of action sounds in conversion, it should be dismissed. Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.