■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENOID RICHARDSON, Appellant. [707 NYS2d 834] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J., at hearing; Ira Globerman, J., at plea and sentence), rendered March 10, 1998, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3¼ to 6½ years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record.

The hearing court properly exercised its discretion in denying defendant's request to conduct a courtroom demonstration. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.

■ WILFREDO FERNANDEZ, Respondent, v CITY OF NEW YORK et al., Defendants, and BENNY's EXPRESS, Appellant. [707 NYS2d 834] —Order, Supreme Court, New York County (Lottie Wilkins, J.), entered on or about June 11, 1999, which, in this negligence action to recover for personal injuries, *inter alia*, granted plaintiff's cross motion for partial summary judgment on the issue of liability as against defendant-appellant Benny's Express, unanimously affirmed, without costs.

Defendant-appellant, in response to plaintiff's prima facie showing that his injuries were caused by the negligent operation of a "hi-lo" vehicle by defendant's employee, failed to present evidence sufficient to raise a triable issue as to its liability. Indeed, defendant-appellant's sole submission in opposition to plaintiff's summary judgment motion was an affirmation by its attorney, who had no personal knowledge of the facts. Accordingly, plaintiff's cross motion for partial summary judgment on the issue of liability as against defendant-appellant was properly granted (*see*, CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557; *Perez v Brux Cab Corp.*, 251 AD2d 157; *Namisnak v Martin*, 244 AD2d 258). Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.