■ KIONO TUCCIARONE, Respondent, v WINDSOR OWNERS CORP. et al., Appellants, and OSPREY HOUSE, LTD., Doing Business as TUDOR CITY FLOWERS, Respondent, et al., Defendant. [761 NYS2d 181] —Order, Supreme Court, New York County (Saralee Evans, J.), entered June 13, 2002, which, inter alia, denied defendants-appellants' cross motion for summary judgment and granted the motion of defendant Osprey House for summary judgment, unanimously affirmed, without costs.

Plaintiff's testimony that snow had been removed from and salt spread upon the sidewalk abutting appellants' building where she allegedly slipped and fell on ice located at the curb cut, together with the testimony of appellants' employees to the effect that they routinely undertook to remove snow and

* Deceased June 1, 2003.

ice on the subject sidewalk spanning the entire block, including curb cuts, from 40th Street to 41st Street, sufficed to raise a triable issue as to whether the presence of the alleged ice hazard and plaintiff's harm were attributable to negligent snow and ice removal by appellants' employees (*see Jiuz v City of New York*, 244 AD2d 298 [1997]). Contrary to appellants' argument, the record affords no ground to conclude as a matter of law that they are shielded from liability by a "storm in progress" defense. The snowfall having ceased for several hours by the time of plaintiff's alleged accident on the morning of March 7, 1999, there is at least an issue of fact as to whether any delay by appellants in commencing their cleanup was reasonable (*see Powell v MLG Hillside Assoc.*, 290 AD2d 345 [2002]). Finally, the grant of defendant Osprey's motion for summary judgment was proper. There was no evidence that Osprey, a commercial tenant in appellants' building, engaged in any snow or ice cleanup in the hours preceding plaintiff's accident, at which time its store was closed, or, indeed, at any other time. That Osprey may have, in its lease, undertaken to clear the sidewalk abutting its store, gave rise to no duty to third parties such as plaintiff (*see Schlausky v City of New York*, 41 AD2d 156, 158 [1973]). Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.