OPINION OF THE COURT
Lucy Billings, J.
I. Introduction
Plaintiffs sue to recover damages for personal injuries and loss of services suffered January 5, 2003, when plaintiff Quinones, then 10 years old, fell on a snow covered sidewalk abutting premises owned by defendants. Defendant Eliza Mills, Leonard Mills now being deceased, moves, and the Caballero defendants cross-move, for summary judgment dismissing the complaint on the grounds of undisputed facts supplied by plaintiff Quinones’s own deposition testimony. (CPLR 3212 [b].) In sum, when plaintiff Quinones was injured, snow still was falling and defendants had not shoveled, salted or otherwise affected the area where she fell so as to create or exacerbate a hazardous condition.
Defendant Mills also seeks summary judgment due to plaintiffs’ noncompliance with a disclosure order. (CPLR 3126, 3212 [b].) Upon oral argument on May 10, 2005, for the reasons explained below, the court grants the Caballero defendants’ cross motion and based on the record established by their cross motion, despite the initial motion’s inadequate presentation of the pleadings and evidence, grants summary judgment to defendant Mills as well. (CPLR 3212 [b].)
Here, as in Prenderville v International Serv. Sys., Inc. (10 AD3d 334, 337-338 [1st Dept 2004]), defendants had no recollection of the day plaintiff Quinones was injured and fail to establish through their own evidence a defense to liability: that *488 they had not undertaken any snow removal or treatment where plaintiff was walking after the snow started falling that day. Yet here, plaintiffs provide defendants their necessary evidence that they had not shoveled or otherwise treated their abutting sidewalk the day plaintiff fell, demarcating a critical distinction.
Nonetheless, the evidence defendants must rely on is the 12-year-old child plaintiffs testimony, recalling events when she was lCE/a years old. Therefore, to embrace the distinguishing factor, the court must take special care to assure the absence of any (1) indication of the child’s confusion or her difficulty expressing her recollection or intended meaning, or (2) evidence inconsistent with or otherwise undermining the certainty of her testimony.
II. Summary Judgment Standards
To obtain summary judgment, defendants must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence eliminating all material issues of fact. (CPLR 3212 [b]; Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003].) If defendants satisfy this standard, the burden shifts to plaintiffs to rebut that prima facie showing by producing evidence, in admissible form, sufficient to require a trial of material factual issues. (Darby & Darby v VSI Intl., 95 NY2d 308, 315 [2000]; Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933-934 [1999].) In evaluating the evidence for purposes of defendants’ motions, the court must accept plaintiffs’ version of the facts as true and construe the evidence in the light most favorable to plaintiffs. (J.E. v Beth Israel Hosp., 295 AD2d 281, 283 [1st Dept 2002]; Cruz v New York City Hous. Auth., 291 AD2d 223, 224 [1st Dept 2002]; Camadeo v Leeds, 290 AD2d 355 [1st Dept 2002]; Maldonado v Metropolitan Life Ins. Co., 289 AD2d 176 [1st Dept 2001].)
III. Defendants’ Liability
Defendants are not liable for failing to remove all snow from a sidewalk abutting their property (Sanders v City of New York, 17 AD3d 169, 170 [1st Dept 2005]; Prenderville v International Serv. Sys., Inc., 10 AD3d at 336-337), particularly while snow is falling (Rios v Acosta, 8 AD3d 183, 184 [1st Dept 2004]). They may be liable, however, for an injury caused by accumulated snow on a sidewalk if their attempt at snow removal or other treatment of the condition negligently created a hazard or made the sidewalk more hazardous. (Espinal v Melville Snow Contrs., 98 NY2d 136, 142 [2002]; Sanders v City of New York, 17 AD3d at 170; Prenderville v International Serv. Sys., Inc., 10 AD3d at *489 337; Rios v Acosta, 8 AD3d at 184.) Thus, to raise a factual issue supporting their claims, plaintiffs must show a basis to infer that the condition causing plaintiff Quinones’s injury resulted from defendants’ negligent efforts at removing or otherwise treating the fallen snow. (Id.; Tucciarone v Windsor Owners Corp., 306 AD2d 162, 163 [1st Dept 2003].) Neither conclusory allegations (Espinal v Melville Snow Contrs., 98 NY2d at 142; Prenderville v International Serv. Sys., Inc., 10 AD3d at 338) nor speculation about defendants’ efforts suffices. (Rios v Acosta, 8 AD3d at 184.)
Defendant Mills characterizes plaintiff Quinones’s deposition testimony as indicating shoveling and salting where plaintiff fell, on the afternoon when she fell, which would support defendants’ liability. Her consistent testimony, however, was, first:
“Q. When you got out of school that day, was it still snowing or had it stopped?
“A. It was still snowing.” (Affirmation of Keith E. Ford, exhibit D, at 18.)
Not only did she testify that “it was snowing . . . when I slipped and fell” (id. at 10-11), but also:
“Q. Let’s go back to when you were walking to school. It wasn’t snowing out then?
“A. No.” (Id. at 12.)
“Q. When you were walking to school that morning, did you walk over the area where you fell later that day?
“A. No, ‘cause it was covered with snow . . .
“Q. You indicated there were parts where the snow was pushed away.
“A. In the middle was like a skinny part in the middle you could walk through.
“Q. Like a path?
“A. Yes.
“Q. Was that path in the area where you fell?
“A. No.” (Id. at 15-16.)
Although defendants had no recollection of January 5, 2003, and thus fail to establish through their testimony that they had not undertaken any snow removal or treatment after the snow started falling that day (Prenderville v International Serv. Sys., Inc., 10 AD3d at 337-338), such efforts are largely irrelevant since plaintiff Quinones was not walking on any shoveled area *490 when she fell. Defendant Cora Caballero did testify that defendants pour salt after they shovel, indicating they would not salt the sidewalk without shoveling. Moreover, plaintiff herself provided defendants the evidence that they had neither shoveled nor salted while the snow was falling on the afternoon she was injured, to support their defense against liability:
“Q. Did you notice anybody shoveling . . . when you went for a walk with your mom?
“A. No, they had put salt . . .
“Q. When you were walking with your mom, did it look like the same amount of salt as the morning or did it look like they put more?
“A. It looked like the same amount of salt.” (Id. at 26-27; see Rios v Acosta, 8 AD3d at 185; see also Prenderville v International Serv. Sys., Inc., 10 AD3d at 338.)
IV The Child Witness
Plaintiff Quinones was 12 years old when she testified, recalling events when she was 10½ years old. To rely on a 12-year-old minor’s testimony, the court must find she had sufficient capacity and intelligence, not only to comprehend the nature and obligations of the oath she took at her deposition, but also to recall and give an accurate account of what she saw or heard concerning the material events or circumstances she was questioned about. (People v Parks, 41 NY2d 36, 45 [1976]; People v Singleton, 284 AD2d 249 [1st Dept 2001]; People v Taylor, 244 AD2d 152, 153 [1st Dept 1997]; People v Bunche, 235 AD2d 271, 272 [1st Dept 1997].) Competency determinations, at least where the child witness is a complainant testifying against a defendant in a criminal action, rely on the trial court’s opportunity to observe the witness, her demeanor and presence of mind, and undertake inquiries that disclose her capacity and intelligence. (People v Parks, 41 NY2d at 46; People v Taylor, 244 AD2d at 153.) “Impressions that may be validly drawn only from close-hand personal observation cannot be ‘photographed into the record’ for later study.” (People v Parks, 41 NY2d at 46.)
Against this authority, may the court in the context of summary judgment motions rely on a minor’s testimony, already sworn, without actually observing the witness and conducting an independent inquiry to determine her competency? To rely on the minor’s testimony as defendants seek, for purposes of granting them summary judgment and dismissing plaintiffs’ action, obviously will preclude the trial judge from making this determination for purposes of the trial.
*491 For purposes of the pending dispositive motions, plaintiff Quinones already was sworn and testified, without plaintiffs’ or any other party’s objection. While objections to a witness’ competency are not waived by the failure to pose them before or during her deposition as she responded to questions (CPLR 3115 [d]), the action is now at a potentially dispositive juncture. Neither at the deposition, nor in the context of these motions, have plaintiffs or any other party raised any question, based on the opportunity for “closehand observation” they had at the deposition, that the minor did not have the capacity or intelligence to understand and respond to any question posed or to recall and accurately recount material facts. (People v Parks, 41 NY2d at 46.)
The context here departs from the authority governing criminal trials in critical respects. A deposition upon oral questions is not a discovery device in criminal actions (e.g., CPL 240.20), so there is no opportunity before the trial for “closehand observation” of a child witness and scrutiny of her capacity and intelligence. (People v Parks, 41 NY2d at 46.) Here, although the court had no such opportunity except study of the transcript and corroborating or conflicting evidence, the parties had a thorough opportunity. Concomitantly, there is no analogy in criminal actions to the summary dispositions upon admissible evidence, routinely sought, and for which the parties therefore must be prepared, in civil actions.
In addition, while one side, here defendants, seeks to rely on the minor’s testimony against the other side, unlike the prosecution relying on its complaining witness as an accuser against the other side, defendants rely not on their own witness, but on the other side’s own witness, plaintiff Quinones. Most critically, and perhaps the explanation for plaintiffs’ reluctance to raise a competency issue, if plaintiffs are to prevail, they must rely on the minor’s testimony as well. Although her mother, plaintiff Alcantara, was present for the material events, neither side has found her recollection and account sufficiently useful to rely on her, despite her capacity as an adult, to support the parties’ positions. Hence the minor is the witness on whom all parties must rely if they are to establish their claims or defenses.
Keeping the age of the key witness foremost in mind, the court finds no hint in the record that she was confused by the questions posed to her or had any difficulty expressing her recollection of the material events or her intended meaning. Nothing in the plaintiff mother’s testimony or anywhere else in the *492 record is in any way inconsistent with or otherwise casts any doubt on the certainty of the minor plaintiff’s testimony. (See Totan v Board of Educ. of City of N.Y., 133 AD2d 366, 369 [2d Dept 1987].) In fact the mother corroborates both that the snow was “spread” over the part of the sidewalk where her daughter fell (affirmation of David Holmes, exhibit G, at 17), and that “more snow” had fallen “on top” of the snow that had been shoveled and salted. (Id. at 20.) This careful scrutiny provides assurance even where no issue was raised regarding the daughter’s competency.
In these circumstances, in the context of summary judgment motions, where the parties against whom a minor’s testimony is used raised no objection to the testimony and also must rely on it, the court, after scouring the record for uncertainty in the testimony and finding none, may rely on a sworn 12 year old’s account, without her appearance and further examination. Consequently, based on the admission that no shoveling was observed in the area where plaintiff Quinones fell and that no additional salt had been spread there since she had walked there hours earlier, the Caballero defendants, at least, establish defendants’ freedom from liability.
Plaintiffs, in rebuttal, fail to present any contrary evidence from which defendants’ liability for negligent efforts at snow removal or treatment may be inferred. (Rios v Acosta, 8 AD3d at 184; see Prenderville v International Serv. Sys., Inc., 10 AD3d at 338; Tucciarone v Windsor Owners Corp., 306 AD2d at 163.) While defendants’ own testimony, limited to their customary snow removal and salting measures, rather than any such measures the day plaintiff Quinones was injured, is not the evidence that establishes their freedom from liability, neither does their testimony provide any basis for inferring their negligence. Therefore, the court grants the Caballero defendants’ cross motion for summary judgment. (CPLR 3212 [b].)
V Defendant Mills’s Motion
Although defendant Mills mischaracterizes plaintiff Quinones’s testimony so as to raise an inference of defendants’ negligence, Mills does rely on Quinones’s deposition, which when scrutinized nowhere raises such an inference. Nevertheless, Mills’s motion suffers from another fatal defect.
“A motion for summary judgment shall be supported ... by a copy of the pleadings.” (CPLR 3212 [b] [emphasis added].) “The pleadings” means “all of the pleadings.” (Welton v Drobnicki, 298 AD2d 757, 757 [3d Dept 2002]; Hamilton v City of *493 New York, 262 AD2d 283 [2d Dept 1999].) Defendant Mills, in her motion for summary judgment, fails to present the Caballero defendants’ answer, including a cross claim against Mills. Where the moving party fails to include copies of all the pleadings in her motion papers, the court is constrained to deny the motion for that reason alone. (State of New York v Metz, 241 AD2d 192, 198 [1st Dept 1998]; Nationwide Mut. Ins. Co. v Piper, 286 AD2d 903, 904 [4th Dept 2001]; DiSano v KBH Constr. Co., 280 AD2d 951, 952 [4th Dept 2001]; Deer Park Assoc. v Robbins Store, 243 AD2d 443 [2d Dept 1997].) The cross-moving Caballero defendants, however, present their own answer and expressly rely on Mills’s answer presented in her motion.
Nor may the court avoid this requirement as to defendant Mills by resorting to her alternative ground for summary judgment and considering it under CPLR 3126, which for disobedience of a disclosure order authorizes:
“such orders ... as are just, among them: . . .
“(3) an order . . . dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party.”
Defendant Mills claims plaintiff Quinones failed to appear for a physical examination by October 10, 2004, as Justice Roman ordered on August 10, 2004. That order already determines the penalty for noncompliance: plaintiffs preclusion from offering any evidence at trial regarding her physical condition. While that preclusion’s consequences may be tantamount to dismissal of plaintiffs’ action, application of CPLR 3212 (b), if not a trial, is required to achieve that judgment.
Moreover, defendant Mills has not established plaintiffs’ refusal or wilful failure to obey the August 2004 order. (CPLR 3126; Cespedes v Mike & Jac Trucking Corp., 305 AD2d 222 [1st Dept 2003]; Fairbanks Capital Corp. v Nagel, 289 AD2d 99, 100-101 [1st Dept 2001]; Hassan v Manhattan & Bronx Surface Tr. Operating Auth., 286 AD2d 303, 304 [1st Dept 2001].) Defendants admit, through the Caballero defendants’ attorney, that their insurer retained D&D Associates to arrange for plaintiff Quinones’s physical examinations, so it transmitted any notices to plaintiffs’ attorney of those examinations’ time and place. The record contains only the affirmation of the Caballeros’ attorney (Holmes affirmation, exhibit D; see Jenkins v Alexander, 9 AD3d 286, 288 [1st Dept 2004]; Fernandez v City of New York, 272 AD2d 71 [1st Dept 2000]; Perez v Brux Cab Corp., 251 AD2d 157, 159 [1st Dept 1998]), and no evidence on *494 personal knowledge that such notices were transmitted to or received by plaintiffs or their attorney before the scheduled appointments. (8112-24 18th Ave. Realty Corp. v Aetna Cas. & Sur. Co., 240 AD2d 287, 288 [1st Dept 1997]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001]; A&S Med., P.C. v Allstate Ins. Co., 2002 NY Slip Op 50121[U], *3 [App Term, 1st Dept, Apr. 3, 2002].)
VI. Searching the Record
In deciding a summary judgment motion, the court may search the record and grant summary judgment to any other party entitled to judgment even if that party has not moved for that relief. (CPLR 3212 [b]; Maheshwari v City of New York, 2 NY3d 288, 293 n 2 [2004]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984].) Defendant Mills’s motion, having failed to satisfy CPLR 3212 (b)’s requirements, presents the question whether the court may treat a party who unsuccessfully moves for summary judgment the same way as a non-moving party and search the record to grant the unsuccessful moving party summary judgment as well.
The court may search the record to dismiss an entire action or particular claim where warranted, despite a party’s failure to seek that relief (Ruggiero v Cardella Trucking Co., 16 AD3d 342, 343-344 [1st Dept 2005]; McDougal v Apple Bank for Sav., 200 AD2d 418, 419 [1st Dept 1994]; Hernandez v Linhart, 290 AD2d 534, 535 [2d Dept 2002]; Wolfson v Milillo, 262 AD2d 636, 637 [2d Dept 1999]), and do so to grant complete relief to parties united in interest. (J & A Vending v J.A.M. Vending, 303 AD2d 370, 374 [2d Dept 2003].) Logically, the determination of whether or not anyone had undertaken snow removal or treatment where plaintiff Quinones was walking after the snow started falling on the day she was injured applies equally to all defendants. While the moving defendant and cross-moving defendants here are adjacent owners of property abutting the sidewalk where plaintiff fell and thus not united in interest, they share a common position. The undisputed evidence, that no one had undertaken snow removal or treatment where plaintiff was walking when she fell, absolves all abutting property owners, hence all defendants, of plaintiffs’ claims.
Given that the purpose of searching the record is judicial economy, granting summary judgment to an unsuccessful moving party is as consistent with CPLR 3212 (b) as granting sum *495 mary judgment, in the typical situation, to a nonmoving party. Therefore, the court finds that the record demonstrates all defendants’ entitlement to judgment as a matter of law, which plaintiffs failed to rebut.
In sum, the court grants all defendants summary judgment and dismisses the complaint.