OPINION OF THE COURT
Lucy Billings, J.
I. Background
Plaintiffs sue to recover for personal injuries and loss of services suffered October 3, 2000, when plaintiff Dawn Barca fell on a roadway adjacent to a curbside sewer grating in Bronx County. Defendant and third-party plaintiff Consolidated Edison Company of New York, Inc. and third-party defendant TriMessine Construction Co. separately move for summary judgment dismissing all claims against them. (CPLR 3212 [b].) Despite each moving party’s failure to include all defendants’ answers in support of the respective motions (id.), the court grants both unopposed motions for summary judgment.
While CPLR 2001 and 2101 (f) may be available to correct noncompliance with section 3212 (b)’s pleadings requirement, controlling authority precludes those measures to disregard such a transgression. This decision illustrates the consequent contortions required when parties fail to adhere to the pleadings mandate.
II. Summary Judgment Standards
“A motion for summary judgment shall be supported ... by a copy of the pleadings.” (CPLR 3212 [b] [emphasis added].) “The pleadings” means “a complete set of the pleadings” (Wider v Heller, 24 AD3d 433, 434 [2d Dept 2005]), or “all of the pleadings.” (Welton v Drobnicki, 298 AD2d 757, 757 [3d Dept 2002]; Hamilton v City of New York, 262 AD2d 283 [2d Dept 1999].) Consolidated Edison omits defendant City of New York’s answer. Consolidated Edison and Tri-Messine Construction both omit defendant Audax Construction Corp.’s answer. Where the moving parties fail to include copies of all the pleadings in their motion papers, the court is constrained to deny the motion for that reason alone. (State of New York v Metz, 241 AD2d 192, 198 [1st Dept 1998]; Sted Tenants Owners Corp. v Chumpitaz, 5 AD3d 663 [2d Dept 2004]; Nationwide Mut. Ins. Co. v Piper, 286 AD2d 903, 904 [4th Dept 2001]; Gallagher v TDS Telecom, 280 AD2d 991 [4th Dept 2001].)
III. The Moving Parties’ Liability
Consolidated Edison and Tri-Messine Construction maintain that they are not liable for plaintiffs’ injuries because neither *466 this defendant nor third-party defendant performed any work at the site where plaintiff fell. Plaintiff Dawn Barca’s deposition testimony establishes that plaintiff fell when her foot tripped in a hole in the roadway abutting a sewer grating and the sidewalk on the southwest corner at the intersection of Hone Avenue and Esplanade. The moving parties also rely on unauthenticated photographs of the condition causing her injury and her unverified bill of particulars, but this corroboration is inadmissible.
Robert O’Brien, who kept records of work performed on the streets or sidewalks by Consolidated Edison and its contractors, testified at his deposition that during the two years before plaintiffs fall, Consolidated Edison and its contractors, including Tri-Messine Construction, did perform work in the vicinity of her fall and received complaints of conditions there. None of that work, however, was at the specific location where plaintiff fell. All that work, moreover, was completed several months before her fall. Tri-Messine Construction’s president at his deposition testified specifically that when Tri-Messine Construction performed asphalt restoration of Hone Avenue near its intersection with Esplanade in October 2000 under a contract with Consolidated Edison, Tri-Messine Construction performed no work where plaintiff fell.
This uncontroverted evidence establishes that neither Consolidated Edison nor Tri-Messine Construction is liable for plaintiffs’ injuries. (White v New York City Tr. Auth., 308 AD2d 341, 343 [1st Dept 2003]; Bailey v New York City Tr. Auth., 270 AD2d 156, 157 [1st Dept 2000]; Hallas v New York Univ., 259 AD2d 444 [1st Dept 1999]; Willer v 61 Jane St. Tenants Corp., 184 AD2d 225, 226 [1st Dept 1992].) Consolidated Edison also sues Tri-Messine Construction for indemnification, breach of contract, and negligence, all contingent on Consolidated Edison’s liability to plaintiffs. The absence of defendant and third-party plaintiffs liability to plaintiffs, however, extinguishes its bases for third-party defendant’s liability to third-party plaintiff. (Kwoksze Wong v New York Times Co., 297 AD2d 544, 549 [1st Dept 2002]; F. Garofalo Elec. Co. v New York Univ., 270 AD2d 76, 80 [1st Dept 2000].) The absence of third-party defendant’s liability to plaintiffs likewise extinguishes its contribution and indemnification claims against third-party plaintiff.
IV Searching the Record and the Court File
In deciding a summary judgment motion, the court may search the record and grant summary judgment to any party entitled to judgment even if that party has not moved for that *467 relief. (CPLR 3212 [b]; Maheshwari v City of New York, 2 NY3d 288, 293 n 2 [2004]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111 [1984].) The motions by Consolidated Edison and Tri-Messine Construction, falling short of CPLR 3212 (b)’s requirement for the pleadings, present at least two questions. First, may the court treat a party that otherwise unsuccessfully moves for summary judgment the same way as a nonmoving party and search the record to grant the unsuccessful moving party summary judgment as well? Second, what record may the court search?
Wherever dismissal of an action or a claim is warranted based on a search of the record, the court may grant that relief despite a failure to seek the relief. (Ruggiero v Cardella Trucking Co., 16 AD3d 342, 343-344 [1st Dept 2005]; McDougal v Apple Bank for Sav., 200 AD2d 418, 419 [1st Dept 1994]; Hernandez v Linhart, 290 AD2d 534, 535 [2d Dept 2002]; Wolfson v Milillo, 262 AD2d 636, 637 [2d Dept 1999].) A particular purpose is to grant complete relief to parties united in interest. (J & A Vending v J.A.M. Vending, 303 AD2d 370, 374 [2d Dept 2003].) Logically, the determination of whether any nonowner of the roadway where plaintiff was injured had performed work there applies equally to Consolidated Edison and Tri-Messine Construction. As plaintiffs base Consolidated Edison’s liability on its negligent work, and Consolidated Edison and Tri-Messine Construction, if liable, in turn seek recompense from each other for the other’s negligent work, they are not united in interest, but share a common position. The undisputed evidence, that neither had performed work where plaintiff was walking when she fell, absolves Consolidated Edison from liability to plaintiffs and absolves both Consolidated Edison and Tri-Messine Construction from contingent liability to each other. (See Quinones v Caballero, 10 Misc 3d 486, 494 [Sup Ct, Bronx County 2005].)
A. Omission of Audax Construction’s Answer and Searching the Court File
The requirement for all pleadings to support a summary judgment motion may be overly technical, particularly when they may be found in the court file. Nevertheless, all the Appellate Divisions steadfastly enforce this mandate, and where as here Consolidated Edison seeks dismissal of all cross claims against this defendant, the answers of both its codefendants, Audax Construction and the City, are critical to determining those cross claims’ viability. (Niagara Frontier Transp. Auth. v City of *468 Buffalo Sewer Auth., 1 AD3d 893, 896 [4th Dept 2003]; Bacon v Arden, 244 AD2d 940, 941 [4th Dept 1997].) As Tri-Messine Construction, however, is not a codefendant with Audax Construction in either the main action or the third-party action, and Audax does not cross-claim against Tri-Messine, a forgiving interpretation of the pleadings requirement at least might permit Tri-Messine’s omission of Audax’s answer.
Neither moving party indicates Audax Construction previously was dismissed from the action, to permit Consolidated Edison’s omission of Audax Construction’s answer as well. The parties instead refer to Audax Construction as if it were still a party.
While the Appellate Divisions have refused to bend the pleadings rule by permitting a search beyond the record of the summary judgment motion, to the court file, none of this controlling authority has announced such inflexibility regarding resort to the court file to ascertain procedural history. Therefore, having found a record of Audax Construction’s dismissal in the court file, the court disregards the omission by both Consolidated Edison and Tri-Messine Construction either to include Audax Construction’s answer in support of the motions or to indicate this defendant was no longer a party. (CPLR 2001, 2101 [f].) Moreover, having now received a stipulation dated January 24, 2006, by all remaining parties allowing Consolidated Edison and Tri-Messine Construction to supplement their motions with Audax Construction’s answer, albeit long after the motions’ submission, the court permits this correction. (CPLR 2101 [f].)
B. Omission of the City’s Answer and Searching the Record of a Separate Motion
The more difficult question now is whether the court may bend the pleadings rule further by searching the record of one pending summary judgment motion to support a separate summary judgment motion. This flexibility would permit the court to consider the City’s answer, presented in support of TriMessine Construction’s motion, to support Consolidated Edison’s motion as well.
The record of a cross motion includes the record supporting the original motion. (CPLR 2215; Dugas v Bernstein, 5 Misc 3d 818, 825 [Sup Ct, NY County 2004].) Here, however, Consolidated Edison’s motion is separate, not a cross motion to TriMessine Construction’s motion. Tri-Messine Construction moved by an order to show cause signed August 16, 2005, originally returnable September 22, 2005, for summary judgment dismissing Consolidated Edison’s third-party complaint.
*469 While a party may cross-move in response to a motion whether it was brought by an order to show cause or by a notice of motion, Consolidated Edison moved separately by order to show cause signed September 2, 2005, for summary judgment dismissing all claims against defendant third-party plaintiff. These claims include Tri-Messine Construction’s counterclaims for contribution and indemnification against Consolidated Edison. Thus, in seeking dismissal of Tri-Messine Construction’s counterclaims in the third-party action, Consolidated Edison sought relief against the prior moving party, which could have been pursued via a cross motion. (CPLR 2215; see Gaines v Shell-Mar Foods, Inc., 21 AD3d 986, 987 [2d Dept 2005]; Williams v Sahay, 12 AD3d 366, 367 [2d Dept 2004]; Kleeberg v City of New York, 305 AD2d 549, 550 [2d Dept 2003].)
On the other hand, Consolidated Edison also sought relief against plaintiff and codefendant City, nonmoving parties, which may explain the separate motion rather than a cross motion. Nevertheless, the second summary judgment motion involved issues nearly identical to the issues for determination in the pending summary judgment motion and was made returnable the same day, so that the two motions were ripe for consideration together. (See, e.g., James v Jamie Towers Hous. Co., 294 AD2d 268, 272 [1st Dept 2002], affd 99 NY2d 639 [2003]; Bressingham v Jamaica Hosp. Med. Ctr., 17 AD3d 496, 497 [2d Dept 2005]; Dugas v Bernstein, 5 Misc 3d at 825.)
Were the record of Tri-Messine Construction’s summary judgment motion, alone, sufficient to grant Consolidated Edison summary judgment as a nonmoving party, the court unquestionably could do so based on that record. Here, that record is needed, but insufficient by itself. Yet, where Consolidated Edison’s motion is nearly identical in substance and simultaneous, it hardly could be error to resort to Consolidated Edison’s pending motion to supplement the record of Tri-Messine Construction’s pending motion. Moreover, were Consolidated Edison’s motion denominated a cross motion, as would be permissible, the record supporting the two motions would be considered. (CPLR 2215; Dugas v Bernstein, 5 Misc 3d at 825; see Walker v Metro-North Commuter R.R., 11 AD3d 339, 340 [1st Dept 2004]; Gaines v Shell-Mar Foods, Inc., 21 AD3d at 987; Williams v Sahay, 12 AD3d at 367; Kleeberg v City of New York, 305 AD2d at 550.) There is no material difference in considering the combined record in this context. (See Walker v Metro-North Commuter R.R., 11 AD3d at 340; Coakley v Southside Hosp., 196 AD2d 564 [2d Dept 1993].)
*470 Given that the purpose of searching the record is judicial economy, granting summary judgment to an unsuccessful moving party is as consistent with CPLR 3212 (b) as granting summary judgment, in the typical situation, to a nonmoving party. (Quinones v Caballero, 10 Misc 3d at 494-495.) Analogously, even though the appellate courts have been unyielding in enforcing the time limits governing summary judgment motions (CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 651 [2004]), an untimely cross motion for summary judgment may be considered as long as it involves issues related to a timely pending summary judgment motion. (James v Jamie Towers Hous. Co., 294 AD2d at 272, affd 99 NY2d 639 [2003]; Osario v BRF Constr. Corp., 23 AD3d 202, 203 [1st Dept 2005]; Bressingham v Jamaica Hosp. Med. Ctr., 17 AD3d at 497.) Considering a summary judgment motion that lacks the pleadings, in contravention of a companion requirement (CPLR 3212 [b]), with a separate pending summary judgment motion that includes similar issues for determination and includes the missing pleadings, is at least as consistent with the conservation of judicial resources as considering an untimely motion. Therefore the answers in the combined record of both motions, as well as the record of Audax Construction’s dismissal in the court file, permit consideration of the two independently inadequate motions on their merits.
V Conclusion
On the merits, the record demonstrates each moving party’s entitlement to judgment as a matter of law, which plaintiffs and defendant City have not rebutted. Consequently, the court grants the separate motions of defendant Consolidated Edison and third-party defendant Tri-Messine Construction for summary judgment, dismisses the complaint and any cross claims against Consolidated Edison, and dismisses all claims in the third-party action. (CPLR 3212 [b].)