■ Bi Fang Zhou, Appellant, v 131 Chrystie Street Realty Corp. et al., Respondents. [3 NYS3d 21]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about October 16, 2013, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that on February 11, 2010, at approximately 7:30 a.m., she slipped and fell on a layer of ice covered with snow on the sidewalk. The sidewalk was located in front of premises owned by defendant 131 Chrystie Street Realty Corp. and managed by defendant Henry Madison Management Corp.; defendant TLS Chrystie LLC d/b/a Home Sweet Home operated a bar in the basement of the premises, and defendant

Envoy Enterprises, LLC operated an art gallery on the ground floor.

Defendants submitted, inter alia, meteorological records showing that snow fell throughout the day prior to plaintiff's accident, ending after 11 p.m. Thus, "[p]ursuant to Administrative Code of City of NY § 16-123 (a), defendants had until 11:00 a.m. to clear the snow and ice from the sidewalk. Since that period had not yet expired at the time that plaintiff fell, defendants established their entitlement to judgment as a matter of law" (*Colon v 36 Rivington St., Inc.*, 107 AD3d 508, 508 [1st Dept 2013]).

In opposition, plaintiff failed to raise a triable issue of fact. She offered only speculation that defendants may nonetheless be held liable for making the natural accumulation of snow and ice worse by negligently attempting to remove it. "Mere evidence of the property owner's general habits regarding snow removal are insufficient to raise an issue of fact as to whether the defendant may have engaged in snow removal that led to the accident" (*Nadel v Cucinella*, 299 AD2d 250, 252 [1st Dept 2002]). Moreover, the presence of ice under a layer of snow, cited by plaintiff as evidence that snow removal had been negligently attempted, is insufficient to establish liability on the part of the entity responsible for maintaining the property (*see Lenti v Initial Cleaning Servs., Inc.*, 52 AD3d 288, 289 [1st Dept 2008]).

Furthermore, any lease or sublease provision requiring TLS Chrystie or Envoy to keep the sidewalks clear of snow and ice does not create a duty to plaintiff (*see Tucciarone v Windsor Owners Corp.*, 306 AD2d 162 [1st Dept 2003]). Similarly, their failure to follow their asserted custom of clearing the sidewalk of snow and ice without waiting for the snowfall to end cannot give rise to liability here. Such liability "cannot be based on the violation of an internal rule imposing a higher standard of care than the law, at least where there is no showing of detrimental reliance by the plaintiff" (*Prince v New York City Hous. Auth.*, 302 AD2d 285, 286 [1st Dept 2003]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.