## Marks v Cosmos Ventures I, LLC

2024 NY Slip Op 33617(U)

October 11, 2024

Supreme Court, New York County

Docket Number: Index No. 156521/2017

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                    PART    47

Justice

-----------------------------------------------------------------------X

JENNIFER MARKS, AS ADMINISTRATRIX OF THE
ESTATE OF LYNNE MARKS, DECEASED,

Plaintiff,

- v -

COSMOS VENTURES I, LLC, and TRUMP
INTERNATIONAL HOTELS MANAGEMENT LLC

Defendants.

-----------------------------------------------------------------------X

| INDEX NO. | 156521/2017 |
|---|---|
| MOTION DATE | 06/26/2023, 06/28/2023 |
| MOTION SEQ. NO. | 015, 016 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 015) 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 529, 532, 533, 534, 535, 536, 537, 538, 539, 547, 549, 553, 554, 559, 560, 562, 563, 565

were read on this motion to/for                 SUMMARY JUDGMENT (AFTER JOINDER)        .

The following e-filed documents, listed by NYSCEF document number (Motion 016) 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 530, 531, 540, 541, 542, 543, 544, 545, 546, 548, 550, 555, 556, 557, 558, 561, 564, 566

were read on this motion to/for                 SUMMARY JUDGMENT (AFTER JOINDER)        .

In this negligence action, defendant Trump International Hotels Management LLC (Trump), the building owner, moves pursuant to CPLR §3211 and CPLR §3212 for dismissal or summary judgment dismissing the plaintiff's complaint in its entirety and all cross-claims as against it (NYSCEF No. 413, Notice of Motion, motion sequence number 015 [MS #15]).

Defendant Cosmos Ventures I, LLC (Cosmos), the condominium unit owner, moves pursuant to CPLR §3212 for summary judgment dismissing plaintiff's complaint in its entirety and all cross-claims as against it (NYSCEF No. 500, Notice of Motion, motion sequence number 016 [MS #16]).

**156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**                    **Page 1 of 8**
**Motion No.  015 016**

1 of 8

## BACKGROUND

Plaintiff as Administratrix of the Estate of Lynne Marks, deceased (Plaintiff),[1] moved into the subject apartment, a condominium unit owned by Cosmos, located at One Central Park West, Unit 26B, New York, New York, on November 8, 2016, pursuant to a lease agreement with Cosmos for a term of three years (NYSCEF No. 514, the Lease). Less than a month into her tenancy on December 6, 2016, plaintiff notified Trump by email regarding the presence of what she categorized as mold in the master bathroom shower (NYSCEF No. 511, pg 81, Exhibit H).[2] In response, defendants authorized and instructed plaintiff to remedy the issue to her satisfaction and deduct any cost incurred for the remediation from her rent (*Id*. at 79-80). Thereafter, plaintiff was absent from the apartment from December 28, 2016, through March 5, 2017. It was during this time that a water leak occurred (on February 22, 2017) due to a broken supply hose under the sink in the kitchen of the apartment. Defendants immediately retained a professional drying service to clean up the water and dry out the kitchen (NYSCEF Nos. 501 & 541 ¶¶ 5-7, Statement and Response to Material Facts; *See also* NYSCEF No. 512, pg 145, Exhibit I). After plaintiff's return to the apartment the parties were in communication via email on March 5, 2017, regarding scheduling repairs due to the water damage caused by the leak (NYSCEF No. 512, pg 157, Exhibit I).

On March 9, 2017, plaintiff notified defendants by email that a mold condition in the apartment allegedly caused her to become ill and demanded repairs be immediately made and that her monthly rent in the lease be renegotiated. Plaintiff also referenced the December 6, 2016

---

[1] This action was filed prior to the death of plaintiff, Lynne Marks, and the caption was amended pursuant to a Status Conference Order. (NYSCEF No. 149).

[2] Despite conducting a "very thorough" walk through of the apartment prior to taking possession, plaintiff neglected to go into the shower and speculates that mold had been there for quite some time before notifying defendants (*see* NYSCEF No. 511, pg 81).

**156521/2017  LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**
**Motion No.  015 016**

**Page 2 of 8**

email she previously sent defendants complaining of mold in the master bathroom shower (*Id*. at pg 159). On the same day Cosmos authorized all necessary repairs, including air testing for the presence of mold (*Id*. at pg 161; *see also* pg 43 lines 11-20, Malikova-Frankel Transcript). Defendants retained a licensed mold assessor from Warren Panzer Engineers, P.C. to test for mold plaintiff's apartment in response to plaintiff's complaint. However, access was denied by plaintiff for testing on March 10, 2017, as plaintiff alleged this visit was not prearranged and she was not available to supervise (NYSCEF No. 511, pg 110, Exhibit H). On March 13, 2017, plaintiff granted access her apartment, and air and surface samples were collected. The results were negative for active mold (NYSCEF No. 512, pg 148, Mold Sampling Letter dated March 20, 2017). On March 23, 2017, defendants emailed plaintiff advising of their desire to bring in an alternate contractor to provide an estimate for the repairs in the apartment. Plaintiff advised defendants in response via email that no contractor was permitted to enter the apartment and that any further correspondence would have to be directed to her attorney (*Id*. at pgs 155-156). Thereafter, Cosmos agreed to terminate plaintiff's lease and by April 18, 2017, plaintiff had vacated the apartment (*Id*. at pg 163; *see also* NYSCEF nos. 501 & 541, ¶ 12).

In July 2017, plaintiff sued defendants for personal injuries allegedly sustained from mold exposure in the apartment (NYSCEF No. 1, Summons and Complaint). Trump answered the complaint in August 2017, and Cosmos answered the complaint in September 2017. Defendants raised cross-claims against each other, with Trump replying to Cosmos' cross-claims in September 2017. However, the court notes that there is no record of an answer by Cosmos to the cross-claims against them on NYSCEF (*see* NYSCEF Nos. 2, Trump Answer; 6, Cosmos Answer; 15, Trump Reply to Cross-Claims).[3]

---

[3] While CPLR 3212 (b) requires a motion for summary judgment to be supported by a copy of the pleadings, the court may extend a search of the record to include the court file for purposes of ascertaining a procedural history

**156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**
**Motion No.  015 016**

[* 3]

Defendants now move separately for summary judgment in their favor to dismiss the complaint and all cross-claims they have asserted against each other. In MS #15, Trump argues that it does not owe a duty to the plaintiff because the allegations in this case involve portions of the condominium that are not deemed to be "common elements" of the building, and defendant Cosmos, as the unit owner is solely responsible for any duty to third-parties. In MS #16, Cosmos argues that it lacked any actual or constructive notice of a mold condition within the subject apartment during plaintiff's tenancy, and that there is no evidence in the record to establish general or specific causation that such a mold condition was a proximate cause of plaintiff's injury.

In opposition, plaintiff posits that the cross-claims concerning liability or indemnification is an issue that should be settled between the codefendants. As such, plaintiff opposes only that branch of both motions that seek dismissal of the complaint. Specifically, plaintiff argues that summary judgment must be denied because defendants had a duty to maintain a safe and habitable environment for plaintiff as she was their tenant, and defendants were put on notice when plaintiff initially contacted them regarding the insufficient cleaning of the shower prior to taking possession of the apartment. Plaintiff further argues that as defendants owned and maintained the apartment, defendants caused and created the dangerous condition that resulted in plaintiff's injuries.

In reply defendants' assert that they have met their prima facie burden in establishing their entitlement to summary judgment and argue that plaintiff has failed to raise an issue of fact that demonstrates that defendants had actual or constructive notice of a mold condition.

---

(*see Barca v City of New York*, 13 Misc 3d 464, *468 [Sup Ct, Bronx County 2006]). Despite such a search, the court could not find an answer by Cosmos to the cross-claims against them on NYSCEF.

**156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**
**Motion No.  015 016**

**Page 4 of 8**

4 of 8

## DISCUSSION

"On a summary judgment motion, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 73-74 [2020] [internal quotation marks and citations omitted]). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014] [internal quotation marks and citations omitted]). Where the moving party fails to make such a showing, the motion must be denied without regard to the sufficiency of the opposing papers (*see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]). Only after the moving party makes a prima facie showing does the burden shift to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024] [internal quotation marks and citations omitted]). "Since [summary judgment] deprives the litigant of [its] day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]).

For a defendant to be held liable for negligence, the plaintiff must establish that the defendant owes some duty of care to the plaintiff (*see Pulka v Edelman*, 40 NY2d 781, 782 [1976] ["In the absence of duty, there is no breach and without a breach there is no liability"]). In a landlord tenant relationship, a landlord warrants that there are no conditions that materially affect the health and safety of a tenant and the landlord has a responsibility to maintain the premises in accordance with the warranty of habitability (*see* RPL sec. 235-b; *Park W. Mgt.*

**156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**
**Motion No. 015 016**

Page 5 of 8

5 of 8

*Corp. v Mitchell*, 47 NY2d 316, 328 [1979]). Therefore, a condominium unit owner acting in the capacity of a landlord has a duty to maintain its property in a reasonably safe condition under the extant circumstances (*see Powers v 31 E 31 LLC*, 24 NY3d 84, 94 [2014]); *see also Basso v Miller*, 40 NY2d 233, 241 [1976]).

However, to hold defendants liable for a hazardous condition such as the alleged toxic mold condition in the apartment, plaintiff must show that defendants either created the condition or had actual or constructive notice of its existence (*see Atashi v Fred-Doug 117 LLC*, 87 AD3d 455, 456 [1st Dept 2011]). Therefore, to be entitled to summary judgment dismissing the complaint insofar as asserted against them, defendants must establish, prima facie, that they did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v Am. Museum of Natural History*, 67 NY2d 836, 837 [1986]).

While there is no dispute that plaintiff complained of mold in the bathroom shower after moving into the apartment, the record indicates that plaintiff's complaint was timely addressed by defendants, and the issue was not brought to the defendants' attention again until several months later, only after plaintiff complained of a different mold condition following the leak that had occurred in the kitchen. Therefore, defendants were unaware that a mold condition allegedly persisted in the shower. Defendants were first notified by plaintiff of the mold condition in the kitchen in March 2017, the same month that plaintiff became aware of it, and approximately a month prior to when plaintiff vacated the apartment. As such, the record here does not establish that defendants had actual or constructive notice of a mold condition, either in the shower or in the kitchen, as defendants were not given a sufficient opportunity to discover and remedy it, nor

**156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**
**Motion No.  015 016**

**Page 6 of 8**

6 of 8

[* 6]

was either condition alleged to be caused by defendants. Therefore, defendants have met their prima facie burden, and established their entitlement to judgment as a matter of law.

In opposition, plaintiff argues that defendants were put on notice in December 2016, when plaintiff initially contacted them regarding the presence of mold in the shower. However, plaintiff inspected the apartment prior to taking possession and only made the complaint of mold *after* moving in, and this complaint was timely addressed by defendants. As plaintiff cannot establish when the mold in the apartment began, plaintiff's argument is unavailing.[4] A landlord does not have an ongoing duty to monitor a plaintiff's apartment for the possible development of environmental hazards (*see Beck v J.J.A. Holding Corp.*, 12 AD3d 238, 240 [1st Dept 2004]).

Accordingly, inasmuch as plaintiff has failed to raise a triable issue of fact in opposition to defendants' prima facie showing demonstrating that defendants neither created or had actual or constructive notice of the mold condition complained of, and having failed to meet this burden or to have established any other act or omission on defendants' part which could have been considered a proximate cause of plaintiff's ailments, defendants' motions will be granted.

## CONCLUSION and ORDER

Based on the foregoing, it is

ORDERED that defendant Trump International Hotels Management, LLC's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted, and the complaint and all cross-claims insofar as asserted against Trump International Hotels Management, LLC are dismissed (MS #15); and it is further

---

[4] Plaintiff's daughter, Jade Marks, testified that she had "no idea when [plaintiff's] mold started" (NYSCEF No 513, pg 54 line 3, Marks Transcript).

**156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC**
**Motion No.  015 016**

**Page 7 of 8**

7 of 8

ORDERED that defendant Cosmos Ventures I, LLC's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted, and the complaint and all cross-claims insofar as asserted against Cosmos Ventures I, LLC are dismissed (MS #16); and it is further

ORDERED that the clerk is directed to enter judgment accordingly with costs and disbursements to defendants as taxed by the clerk.

2024101116085 1PG0ETZ1DA87496DFC2B479D98376AD2604F432D

| 10/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

156521/2017   LEAF, LAWRENCE vs. COSMOS VENTURES I, LLC
Motion No.  015 016

Page 8 of 8

8 of 8