■ Claire Gabelmann, Appellant, v Circle Line Sightsee- ing Yachts, Inc., Respondent. [679 NYS2d 32] —Judgment,

Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 9, 1997, which, upon the grant of defendants' trial motion at the conclusion of plaintiff's case for judgment as a matter of law, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover damages for injuries she sustained when she fell on ice while walking in defendant's parking lot some five hours after the cessation of a nine-inch snowfall and some two and a half hours after defendant's employee had plowed the lot. We agree with the trial court that plaintiff failed to make out a prima facie case. There was no proof from which the factfinder could reasonably infer that defendant's employee, in the course of removing snow from the subject lot, either created or heightened the hazardous condition that caused plaintiff's injuries (*see, Oley v Village of Massapequa Park*, 198 AD2d 272; *compare, Glick v City of New York*, 139 AD2d 402). In this connection, the trial court properly exercised its discretion when it determined that plaintiff's proposed witness lacked the breadth of experience necessary to qualify him as an expert in snow plowing (*see, Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398). Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.