[690 NYS2d 653]

In the Matter of ROBERT J. SHERMAN (Admitted as ROBERT JOHN SHERMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 17, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Robert J. Sherman,* Massapequa, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Robert J. Sherman has submitted an affidavit, dated November 6, 1998, in which he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). The resignation emanates from a new complaint received during the pendency of his suspension.

In his affidavit of resignation, dated November 6, 1998, Mr. Sherman acknowledges that he is the subject of a currently pending investigation into allegations that he failed to properly preserve the sum of $5,000 entrusted to him as escrowee of the down payment in a real estate transaction. Mr. Sherman admits that the allegation is substantially true, although the failure was temporary and the complainant was eventually made whole.

Mr. Sherman acknowledges that his resignation is freely and voluntarily rendered and that he is not subjected to coercion or duress by anyone. He concedes that he could not successfully defend himself on the merits against any disciplinary charges which have been or could be initiated by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) against him.

Mr. Sherman is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for at least seven years. Mr. Sherman understands that the effect of his resignation is legally equivalent to an order of disbarment after a disciplinary proceeding in which the charge against him is sustained.

Mr. Sherman acknowledges the continuing jurisdiction of the Court to issue an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of Mr. Sherman's resignation.

Inasmuch as the proffered resignation conforms with all pertinent Court rules, it is accepted. The respondent Robert J. Sherman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the resignation of Robert J. Sherman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert J. Sherman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Robert J. Sherman shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert J. Sherman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.