■ ISAAC QUILES, Respondent, v 200 WEST 94TH STREET CORP. et al., Appellants, et al., Defendants. [692 NYS2d 59] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered November 9, 1998, which denied the motion of defendants 200 West 94th Street Corp. and Morfesis Realty Corp. for summary judgment in this slip and fall case, unanimously reversed, on the law, without costs, summary judgment granted, and the complaint dismissed as against those defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Summary judgment should have been granted here. " '[A]n owner of property is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his premises' * * * and therefore, to incur liability, the owner's snow-removal attempt must have made the sidewalk more dangerous" (*Jimenez v Cummings*, 226 AD2d 112, quoting *Stewart v Haleviym*, 189 AD2d 731). Appellants demonstrated that they were out-of-possession landlords of the delicatessen premises and paragraph 22 of the lease agreement with the delicatessen owners specifically provides that the latter would be responsible for keeping "the sidewalk and curb in front thereof clean at all times and free from snow and ice" (*see, Suntken v 226 W. 75th St.*, 258 AD2d 314). Furthermore, appellants adduced uncontroverted evidence that while they routinely undertook snow removal efforts at the 94th Street residential entrance to the premises, they never did so at the separate Amsterdam Avenue entrance to the delicatessen. Plaintiff's assertion that the landlord's right of reentry for repairs or improvements created a triable issue of fact as to liability is without merit given the reentry provision's clear reference to permanent structures as opposed to snowfall, a transient condition specifically addressed by the aforementioned paragraph 22 of the lease. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.