■ DIANA GERBER, Respondent, v CITY OF NEW YORK et al., Defendants, and EAST 72 TENANTS CORP., Appellant. [719 NYS2d 650] —Order, Supreme Court, New York County (Martin Shulman, J.), entered February 19, 1999, which, *inter alia*, denied the cross-motion of defendant East 72 Tenants Corp. for summary judgment dismissing the complaint and all cross-claims against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint and all cross-claims dismissed as against defendant-appellant. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

During a cold afternoon on February 14, 1994, two days after a severe snow storm that lasted four days, plaintiff Diana Gerber, allegedly, slipped and fell on "black ice" on the sidewalk outside a storefront business located in the building at 897 Madison Avenue in the City of New York. Defendant East 72 Tenants Corp. (East 72), the owner of the building, leased the premises in which the store was located to defendant Andrelux Group, pursuant to a lease agreement entered into on January 1, 1987.

Gerber commenced this negligence action against Andrelux, the City, and East 72. Since Andrelux failed to answer the complaint, the motion court issued a default judgment against it. The motion court granted the City's cross-motion for summary judgment on the ground that the City had not had reasonable time to clear the sidewalk of any "black ice" within days of such inclement weather, and that the City had not had any notice of the alleged defective condition. East 72 crossmoved for like relief, which the motion court denied because it found that an issue of fact existed as to whether East 72 had a "concomitant obligation" with Andrelux to remedy any defect related to snow or ice on the storefront sidewalk based on a right of entry provision in the lease and the testimony of an employee of East 72. Summary judgment should have been granted.

As a matter of law, an owner is not liable in tort for injuries sustained by a pedestrian who slips and falls on snow and ice which naturally accumulated on the sidewalk in front of its premises, because the landlord owes no duty to the public to remove naturally accumulated snow and ice (*see, Stewart v*

*Haleviym*, 186 AD2d 731). Nevertheless, an out-of-possession landlord may incur liability if it attempted to remove snow and ice and made the condition more hazardous (*id.*).

An examination of the lease in this case establishes that the right of East 72 to reenter to make repairs or improvements was limited to "permanent structures as opposed to snowfall, a transient condition" (*Quiles v 200 W. 94th St. Corp.*, 262 AD2d 169). Paragraph 13 of the lease, subtitled "Access to Premises," provides East 72 with the right to "enter the demised premises * * * to examine the same and make such repairs, replacements and improvements as [East 72] may deem necessary and reasonably desirable to any portion of the building or which [East 72] may elect to perform, in the premises, following [Andrelux]'s failure to make repairs or perform any work which [Andrelux] is obligated to perform under this lease." The paragraph goes on to discuss the maintenance of "pipes and conduits" and "tak[ing] all necessary materials and equipment into said premises" in order to perform work.

Gerber's main contention that East 72 is liable because paragraph 13 gave it the right to perform any work which Andrelux was obligated to perform, specifically the maintenance of the sidewalk free of snow and ice, is unavailing. The "any work" which East 72 could elect to perform was qualified by the words "in the premises." The two provisions imposing a duty on the tenant to maintain the sidewalk clearly distinguish between the premises and the sidewalk. Paragraph 35, rule 2, for example, states "[i]f the premises are situated on the ground floor of the building, Tenant thereof shall further, at Tenant's expense, keep *the sidewalk and curb in front of the premises* clean and free from ice, snow, etc." (Emphasis added.) The other provision is similarly worded.

There is also no evidence to support the conclusion that East 72 or its employees or agents made any attempt to remove snow and ice before Gerber's accident. The deposition testimony of the building manager's employee clearly stated that his and another employee's only responsibility for clearing snow and ice was outside the building's main entrance and service entrance. In the witness' words, "[e]ach of the [street level] stores is responsible for cleaning in front of their stores * * * [M]any times they would offer me two dollars to clean snow for them * * * and I always refuse" (*see, Quiles v 200 W. 94th St. Corp.*, *supra*). The fact that this worker may have lent shovels to employees of the store on occasion so that those persons could clear the sidewalk in front of the store does not indicate that either East 72 or its employees or agents attempted to remove snow from the sidewalk in front of the store.

There is no triable issue of fact as to the liability of East 72 for Gerber's slip and fall, and summary judgment should have been granted. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.