■ FRANK STEO, Respondent, v NEW YORK UNIVERSITY, Appellant. [728 NYS2d 158] —Judgment, Supreme Court, New York County (Marcy Friedman, J.), entered April 5, 2000, rendering a verdict in favor of plaintiff and awarding him $45,000 in damages, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff fell on a patch of ice mixed with gravel on the sidewalk approximately five feet from one of defendant's buildings. He testified at trial that he did not remember whether he noticed any icy patches in the area before his accident, but he denied seeing any piles of snow. Plaintiff's friend, a witness to the accident, testified that plaintiff slipped on a patch of ice mixed with gravel and sand left on the sidewalk as a result of construction going on in the area. Evidence was introduced that the temperature was below freezing on the night before the accident, and that there had been traces of precipitation from 10:00 P.M. to 2:00 A.M., but that there was no accumulation of snow or ice in the area. The superintendent of the building and his assistant testified that staff removed snow, when necessary, to an area eight feet from the building.

At the close of the evidence, defendant moved for a directed verdict, which motion was denied. The jury concluded that the defendant was not negligent as to the sand and gravel which allegedly caused plaintiff's fall, but it did find that the portion of the sidewalk where plaintiff fell was in a dangerous condition due to ice, that the defendant was negligent in maintaining the sidewalk, and that the presence of the ice was a substantial factor in causing plaintiff's injury. The jury awarded plaintiff $45,000. We reverse and dismiss the complaint.

As in *Simmons v Metropolitan Life Ins. Co.* (84 NY2d 972), the evidence presented at trial, even when considered in the light most favorable to plaintiff, did not establish a prima facie case of negligence. Although plaintiff's friend testified that he observed icy patches in the area, no evidence was introduced

that the defendant had either actual or constructive notice of the hazard (*Soboleva v Gojcaj*, 238 AD2d 170; *Arcuri v Vitolo*, 196 AD2d 519). "Additionally, no evidence was introduced as to the origin of the patch of ice on which plaintiff allegedly slipped and whether defendant had sufficient time to remedy the dangerous condition" (*Simmons, supra*, at 973). Moreover, the evidence of light precipitation and freezing temperatures on the night before the incident was insufficient to impute notice to defendant of a dangerous condition, because no evidence was introduced to establish that the ice patch on which plaintiff fell was a result of the prior evening's precipitation. Further, "an owner of real property is under no duty to the public to remove snow and ice which naturally accumulate upon the sidewalk in front of its premises and, in order to incur liability, the owner's snow removal efforts must have made the sidewalk more hazardous" (*Rodriguez v City of New York*, 269 AD2d 324, 325; *Quiles v 200 W. 94th St. Corp.*, 262 AD2d 169; *Gabelmann v Circle Line Sightseeing Yachts*, 254 AD2d 148). Because there was no evidence that this defendant either created, or had notice of, the hazardous ice near its property, we reverse the judgment upon jury's verdict in favor of plaintiff, and dismiss the complaint. Concur—Sullivan, P. J., Tom, Mazzarelli and Friedman, JJ.