■ CARYN NADEL, as Administratrix of the Estate of JACOB GLICKMAN, Also Known as JACK GLICKMAN, Deceased, Respondent, v GIOVANNA CUCINELLA, Appellant. [750 NYS2d 588] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered October 9, 2001, which granted plaintiff's motion to restore the

case to the calendar and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the cross motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

On the morning of February 1, 1994, plaintiff's decedent fell on a city-owned sidewalk as he approached his parked car. The sidewalk was in front of defendant's house, which was adjacent to decedent's house. The Rossi family lived on decedent's other side. Documentary evidence indicated that 3.3 inches of snow had fallen in New York City on January 26, 1994. Although it had not snowed the day of the accident, snow remained on the ground. Defendant usually did her own snow removal. However, she did not recall if she had done any snow removal on or around February 1, 1994. Decedent, in his deposition, could not recall if there was snow on the ground at the time of his fall, and he could not recall seeing ice as he stepped toward the driver's side of his car, placed his key in the door, and slipped. The record seems to indicate, moreover, that the car had been parked across the street. In any event, Mrs. Rossi, in an unsworn written statement, said that she heard decedent yell, and saw decedent lying on the curb between parked cars, and also observed snow and ice at the curb and between the cars.

This action was commenced in April of 1995, a note of issue was filed in November of 1996, decedent died in December of 1996, and present plaintiff was appointed administrator of decedent's estate in June 1998. Plaintiff's counsel defaulted in 1998, the matter was marked off the trial calendar and a subsequent motion to restore was denied when counsel failed to appear. In July of 2001, a new associate at the firm sought vacatur of the dismissal and restoration of the matter to the calendar. The motion court granted plaintiff's motion to restore and denied defendant's cross motion for summary judgment, finding "issues of credibility."

No evidence offered on the motion demonstrates a basis for defendant's liability. Although we have long recognized the duty of a landowner who undertakes snow removal on a city street to do so carefully, as an exception to the doctrine that such an adjoining land owner has no duty to undertake removal of any snow accumulation (*Suntken v 226 W. 75th St.*, 258 AD2d 314), the facts still must permit an inference that defendant's snow removal efforts caused the plaintiff's injury (*Genen v Metro-North Commuter R.R.*, 261 AD2d 211). This basis for liability must be predicated on the fact that defendant thereby created or exacerbated a dangerous condition (*Grillo v*

*Brooklyn Hosp.*, 280 AD2d 452). Mere evidence of the property owner's general habits regarding snow removal are insufficient to raise an issue of fact as to whether the defendant may have engaged in snow removal that led to the accident (*Oles v City of Albany*, 267 AD2d 571). No evidence in this record, excepting sheer speculation, indicates that defendant had undertaken careless snow removal that led to plaintiff's decedent's slip and fall. Speculation is an insufficient basis to connect defendant's activities with decedent's injury (*Gibbs v Rochdale Vil.*, 282 AD2d 706). Concur—Tom, J.P., Rosenberger, Rubin and Friedman, JJ.