■ Mara Rios, Respondent, v Misael R. Acosta, Appellant.
[779 NYS2d 469]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 10, 2003, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

During a snowfall on February 3, 2000, plaintiff was walking on a snow-covered sidewalk in front of defendant's two-family house when she slipped and fell. After plaintiff fell, she noticed that there was ice underneath the snow. Plaintiff did not, however, see any signs that snow had previously been shoveled from the sidewalk. At his deposition, defendant testified that it was his practice, after a snowfall, to shovel a two-foot-wide path on the sidewalk in front of his home, and then to sprinkle salt on the path. Defendant also testified that he never shovels snow

until after it stops falling. There is no evidence as to when defendant last shoveled snow from the sidewalk prior to plaintiff's accident. While the record does show that no snow had fallen during the two days prior to the accident, it is silent as to when the last snowfall had occurred. On these facts, defendant was entitled to summary judgment.

For well over a century, it has been the common law of this state that an owner of real property, even if required by municipal ordinance to remove snow or ice from a public sidewalk in front of his premises, is not liable in tort for injuries sustained by a pedestrian who slips and falls on a natural accumulation of snow or ice on that sidewalk (*see e.g. Lee v Ortiz*, 249 NY 613 [1928]; *Moore v Gadsden*, 93 NY 12, 17 [1883]; *Palmer v City of New York*, 287 AD2d 553, 554 [2001], *lv denied* 98 NY2d 611 [2002]; *Steo v New York Univ.*, 285 AD2d 420, 421 [2001]; *Gerber v City of New York*, 280 AD2d 289 [2001]; *Rodriguez v City of New York*, 269 AD2d 324, 325 [2000]; *Quiles v 200 W. 94th St. Corp.*, 262 AD2d 169 [1999]; *Stewart v Yeshiva Nachlas Haleviym*, 186 AD2d 731 [1992]).* Only if there is evidence that the owner's attempts at snow removal made the sidewalk more hazardous is the owner exposed to tort liability (*see Palmer, supra*; *Steo, supra*; *Gerber, supra*; *Rodriguez, supra*; *Quiles, supra*; *Stewart, supra*). Further, the municipal ordinances requiring landowners to remove snow from a sidewalk provide that such duty does not attach until after the snowfall ends (*see* Administrative Code of City of NY § 16-123).

Plaintiff admitted that the accident occurred while it was still snowing. Further, defendant testified, as previously indicated, that it was his practice never to shovel snow while snow was still falling. To raise a triable issue in the face of this uncontroverted evidence, plaintiff was required to offer some basis from which it could reasonably be inferred that the ice on which she slipped was the result of a negligent attempt by defendant to remove snow that had fallen on a prior occasion. Plaintiff offered nothing but speculation to support such an inference, which was insufficient to defeat the summary judgment motion (*see Lamolly v Mobile Veterinary Tenant Unit Enters.*, 276 AD2d 596, 597 [2000] [evidence was required to show that ice and snow were from a previous storm]; *Gabelmann v Circle Line*

---

* We note that, after the occurrence of the subject accident, the common-law rule of nonliability for failure to shovel a sidewalk was legislatively modified in New York City (*see* Administrative Code of City of NY § 7-210). This legislation does not apply to one-, two- and three-family dwellings that, like the house of the instant defendant, are owner-occupied, in whole or in part, and are used exclusively for residential purposes.

*Sightseeing Yachts*, 254 AD2d 148, 149 [1998] [evidence was required to show that snow plowing 2¹/₂ hours prior to accident either created or heightened the hazard]). In this regard, we note that, even if there were evidence to support an inference that the ice was the result of a prior snowfall (and no such evidence has been presented), plaintiff herself testified that she saw no evidence of any prior snow shoveling. Moreover, defendant testified, without contradiction, that, when he does shovel snow, he always sprinkles salt to prevent ice formation. Thus, even if defendant did shovel snow after the last snowfall prior to the accident, there is "no proof from which the factfinder could reasonably infer that [defendant], in the course of removing snow from the subject [sidewalk], either created or heightened the hazardous condition that caused plaintiff's injuries" (*Gabelmann v Circle Line Sightseeing Yachts, supra* at 149; *see also Spicehandler v City of New York*, 303 NY 946 [1952]). Concur—Nardelli, J.P., Saxe, Williams, Friedman and Sweeny, JJ.