■ LEONARD SANDERS, Respondent, v CITY OF NEW YORK et al., Defendants, and MONOLITH, INC., Appellant. [793 NYS2d 30]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 13, 2004, which, to the extent appealed from, denied defendant Monolith's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Monolith dismissing the complaint as against it.

On February 7, 2000, plaintiff slipped and fell on a mound of snow and ice while attempting to enter his car, which was parallel parked near the curb in front of premises owned and managed by defendants 151 E. 26th St. Assoc. and Marolda Properties, and leased as commercial space to defendant Monolith. Plaintiff claims that the pile of snow was on the public sidewalk, while Monolith avers it was at the curbline. By its lease, Monolith assumed responsibility for snow removal.

At the time of plaintiff's accident, Monolith was under no duty to pedestrians to remove ice and snow that naturally accumulated on the sidewalk in front of the leased premises (*see Rios v Acosta,* 8 AD3d 183 [2004]; *see also Klotz v City of New York,* 9 AD3d 392 [2004] [recognizing change in law in New York City for certain accidents occurring on or after September 14, 2003]). Furthermore, in the absence of a statute specifically imposing tort liability for failing to clear a sidewalk, Monolith could not be held negligent for failing to remove all the snow from the sidewalk (*see Spicehandler v City of New York,* 303 NY 946 [1952]; *Palmer v City of New York,* 287 AD2d 553 [2001], *lv denied* 98 NY2d 611 [2002]; *Delgado v City of New York,* 245 AD2d 540 [1997]). Rather, Monolith could only be held liable if there were evidence that its attempts at snow removal rendered the sidewalk more hazardous (*see Rios v Acosta,* 8 AD3d 183 [2004], *supra; Palmer v City of New York,* 287 AD2d 553 [2001], *supra; Steo v New York Univ.,* 285 AD2d 420 [2001]).

In light of Monolith's co-owner's claim that he did not shovel snow into the area where plaintiff fell, and the City Department

of Sanitation supervisor's testimony that snow plowed on the right-hand side of the curb would reach the sidewalk, plaintiff's unsupported assertion that Monolith created the mound of snow and ice is purely speculative, and insufficient to raise a triable issue of fact (*Garfinkel v Manhattan & Bronx Surface Tr. Operating Auth.*, 8 AD3d 118 [2004]; *Kane v Estia Greek Rest.*, 4 AD3d 189 [2004]). Even assuming Monolith were responsible for creating the mound of snow, plaintiff failed to raise a triable issue of fact as to whether Monolith made the condition of the sidewalk more dangerous, in light of plaintiff's admission that it was possible to reach his vehicle, parked in the street in front of the subject premises, by taking an alternate path—less than six feet away—which was clear of snow and ice (*cf. Rosenbloom v City of New York*, 254 AD2d 474 [1998], *lv denied* 93 NY2d 803 [1999]). Concur—Andrias, J.P., Friedman, Marlow, Gonzalez and Catterson, JJ.