■ ELIZABETH JOSEPH, Respondent, v PITKIN CARPET, INC., Appellant. [843 NYS2d 586]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about June 27, 2006, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

At approximately 7:00 A.M. on December 15, 2003, plaintiff slipped and fell on the sidewalk abutting defendant's premises. At her deposition, plaintiff testified that the accident occurred

when one (or both) of her feet slipped on a portion of the sidewalk that was partially covered by snow and partially cleared. Plaintiff had traversed the same sidewalk twice on the afternoon before the accident, the second time at 2:00 P.M. At that time, plaintiff noticed that the majority of the sidewalk in the area where she would later slip and fall was "bare," i.e., was not covered with snow, but patches of snow were present. Plaintiff also noticed on the day before the accident that "part" of the sidewalk had been shoveled; she observed shovel marks in the snow on the sidewalk. When asked to approximate the amount of snow on the sidewalk on the afternoon before the accident, plaintiff could only state "not much."

As plaintiff acknowledged, snow fell on December 13. Based on its custom and practice, defendant attempted to remove the snow from the sidewalk. No snow fell between the cessation of the December 13 storm and approximately 10:00 P.M. the following evening, when another snowfall occurred. Plaintiff did not know when the December 14 storm tapered off; however, it ceased before she left her apartment on the morning of December 15, approximately 15 minutes before she fell.

Plaintiff commenced this action against defendant, claiming that defendant's snow removal efforts on December 13 were incomplete and made the sidewalk more dangerous than had defendant not taken any action at all. Defendant moved for summary judgment dismissing the complaint on the ground, among others, that its snow removal efforts did not make the condition of the sidewalk more hazardous. Supreme Court denied the motion, and this appeal followed.

Absent a statute to the contrary, one who attempts to remove snow from a sidewalk is not subject to liability simply because he or she failed to remove all of the snow (*Sanders v City of New York*, 17 AD3d 169, 169 [2005], citing *Spicehandler v City of New York*, 303 NY 946 [1952], *affg* 279 App Div 755 [1951]). However, one may be held liable if his or her snow removal efforts made the sidewalk more dangerous, i.e., increased the hazard posed by the snow (*Sanders, supra*; *Glick v City of New York*, 139 AD2d 402 [1988]). Here, defendant made a prima facie showing that its snow removal efforts did not exacerbate the condition of the sidewalk. The evidence submitted by defendant—the affidavit and deposition testimony of its proprietor and the deposition testimony of plaintiff—establishes that defendant's snow removal efforts on December 13 were simply incomplete; defendant failed to remove *all* of the snow that was on the sidewalk. That evidence also establishes that defendant did not make the sidewalk any more hazardous as a result of its

snow removal efforts (*cf. e.g. Santiago v New York City Hous. Auth.*, 274 AD2d 335 [2000] [snow piled on both sides of pathway melted, refroze and formed icy condition]; *Rector v City of New York*, 259 AD2d 319 [1999] [preexisting ice exposed as a result of defendant's snow-clearing efforts]). To the contrary, following defendant's December 13 snow removal efforts, most of the sidewalk was clear and no ice was present.

In opposition, plaintiff, who offered only her attorney's affirmation in response to the motion, failed to raise a triable issue of fact. Plaintiff's claim that defendant's snow removal efforts made the condition of the sidewalk more hazardous is unsupported by any evidence, constitutes rank speculation and is insufficient to defeat defendant's motion for summary judgment (*see Williams v KJAEL Corp.*, 40 AD3d 985 [2007]; *Zabbia v Westwood, LLC*, 18 AD3d 542 [2005]; *Nadel v Cucinella*, 299 AD2d 250 [2002]; *Yen Hsia v City of New York*, 295 AD2d 565 [2002]; *see also Bonfrisco v Marlib Corp.*, 30 AD2d 655 [1968], *affd* 24 NY2d 817 [1969]). Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.