Order, Supreme Court, Bronx County (John A. Barone, J.), entered November 20, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant made a prima facie showing that her property abutting the sidewalk where plaintiff allegedly fell is a two-family, owner-occupied residence, exempt from Administrative Code of City of NY § 7-210 (b), and that she did not create or cause the alleged hazardous condition (see Rios v Acosta, 8 AD3d 183, 184-185 [1st Dept 2004]). The motion court properly considered defendant’s son’s affidavit and the attached photographs of the sidewalk and driveway at issue (see Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 565 n 1 [1st Dept 2011]).
In opposition, plaintiff failed to raise a triable issue of fact. Elaintiff’s argument that defendant is not exempt from Administrative Code § 7-210 (b) because defendant used the premises for commercial purposes is improperly raised for the first time on appeal. The issue, which is not purely legal and apparent on the face of the record, requires resolution of facts that were not brought to defendant’s attention on the motion (see Botfeld v Wong, 104 AD3d 433, 433-434 [1st Dept 2013]). In addition, plaintiff failed to offer any basis from which it could be reasonably inferred that defendant’s snow-removal efforts “created or heightened” the alleged hazardous condition (Rios, 8 AD3d at 185 [internal quotation marks omitted]). Flaintiffs affidavit attesting that, at the time of her accident, the sidewalk contained ice and snow contradicts her deposition testimony that she did not see any ice or snow on the sidewalk. Accordingly, it is insufficient to raise a genuine issue of fact (see Joe v Orbit Indus., 269 AD2d 121, 122 [1st Dept 2000]).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur — Mazzarelli, J.E, Renwick, Feinman, Gische and Kapnick, JJ.