■ JUAN CARLOS CAAMANO MONTIEL, Respondent, v OWEN SAILSMAN, Appellant/Third-Party Plaintiff-Appellant, and BRONXDALE REALTY, LLC, Respondent/Third-Party Defendant-Respondent, et al., Defendant. [20 NYS3d 78]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 10, 2015, which, insofar as appealed from as limited by the briefs, denied defendant Owen Sailsman's motion for summary judgment dismissing plaintiff's complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that he slipped and fell on ice on a public sidewalk abutting defendant Sailsman's property, near the property line of a vacant lot owned by defendant Bronxdale Realty, LLC. Sailsman made a prima facie showing that his property is a two-family home in which he resides, not subject to liability pursuant to Administrative Code of City of NY § 7-210 (b), and that his voluntary snow removal efforts did not

create or exacerbate the alleged hazardous condition on the sidewalk (see *Titova v D'Nodal*, 117 AD3d 431 [1st Dept 2014]; *Rios v Acosta*, 8 AD3d 183, 184-185 [1st Dept 2004]). Sailsman testified that the day before the accident, he removed the snow and ice from the sidewalk and applied enough salt to completely melt the ice, and provided a neighbor's affidavit confirming that the sidewalk was clear and safe to walk on, as well as photographs taken shortly after the accident.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff failed to offer any basis from which it could be reasonably inferred that defendant's snow-removal efforts "created or heightened" the alleged hazardous condition (*Rios* at 184-185). His arguments that Sailsman was negligent in failing to completely clear the area of snow and ice, or in plowing the snow into a pile from which some snow may have fallen off and been trampled by pedestrians causing "compressed snow," are insufficient to raise an issue of fact as to whether Sailsman created or exacerbated the condition (see *Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 360-361 [2007]; *Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 463 [1st Dept 2007]; see also *Ortiz v Citibank*, 62 AD3d 613 [1st Dept 2009]). Plaintiff's arguments as to the origin of the hazardous conditions are speculative and conclusory, and thus insufficient to defeat defendant Sailsman's motion for summary judgment (*Fung v Japan Airlines Co., Ltd.*, 51 AD3d 861, 862-863 [2d Dept 2008], *lv denied* 11 NY3d 713 [2008]; *Rios* at 184-185).

We have considered plaintiff's and Bronxdale's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.