Santana v Melendez (2020 NY Slip Op 01267)





Santana v Melendez


2020 NY Slip Op 01267


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11092 22321/16E

[*1] Zulmiria Santana, Plaintiff-Respondent,
v
Miguel Melendez, et al., Defendants-Appellants, The City of New York, et al., Defendants-Respondents.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellants.
Mallilo & Grossman, Flushing (F. Jason Kajoshaj of counsel), for Zulmiria Santana, respondent.
Georgia M. Pestana, Acting Corporation Counsel, New York (Jesse A. Townsend of counsel), for the City of New York and New York City Department of Sanitation, respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 11, 2018, which denied the motion of defendants Miguel Melendez and Jason Melendez for summary judgment dismissing all claims and cross claims asserted against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants demonstrated prima facie that their property abutting the sidewalk where plaintiff allegedly fell was a one- or two-family, owner-occupied residence, exempt from the sidewalk snow-removal obligations imposed by Administrative Code of City of NY § 7-210(b) (see Rios v Acosta, 8 AD3d 183, 185 [1st Dept 2004]). Contrary to plaintiff's argument, defendants' deposition testimony established that they resided in the property, and plaintiff offered no evidence to raise an issue of fact. Even if they were required to clear the sidewalk, they would not be liable because plaintiff's accident occurred at 6:30 a.m., and Administrative Code § 16-123 (a) gives landowners a four-hour grace period to clear snow and ice, not including the period between 9:00 p.m. and 7:00 a.m (Jakubowski v Axton Owner LLC, 156 AD3d 509 [1st Dept 2017]).
Furthermore, defendants demonstrated that they did not create or cause the alleged hazardous condition (see Lai-Hor Ng Yiu v Crevatas, 103 AD3d 691, 691 [2d Dept 2013]; Rios v Acosta, 8 AD3d at 184-185). Defendant Miguel Melendez testified that he did not shovel the night before the accident occurred because he did not see any snow, and that he salted the sidewalk at 1:30 a.m., about five hours prior to plaintiff's fall. An employee from co-defendant the City of Department of Sanitation testified that while he did not know whether a crew member he supervised had shoveled the sidewalk, it was possible that the City had shoveled that area because a record log showed that crew members were working that night to clear snow and ice. On this record, any contention that defendants created or exacerbated a hazardous condition [*2]naturally caused by snow is purely speculative (see Encarnacion v New York City Hous. Auth., 161 AD3d 485 [1st Dept 2018]; Rios v Acosta, 8 AD3d at 184-185; compare Lopez v City of New York, 290 AD2d 539 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK