Eduardo v Webster Equities LLC (2021 NY Slip Op 03373)





Eduardo v Webster Equities LLC


2021 NY Slip Op 03373


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 301553/16 Appeal No. 13919 Case No. 2020-03657 

[*1]Rhadames Eduardo, Plaintiff-Appellant,
v
Webster Equities LLC, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Greg Freedman of counsel), for appellant.
Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about March 16, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On February 16, 2016 at approximately 1:00 a.m., plaintiff was injured when he slipped and fell on snow on the sidewalk in front of defendants' building. Defendants moved for summary judgment arguing that a storm was in progress, and under Administrative Code of the City of New York § 16-123(a), they had four hours to clear snow following the cessation of any snowfall, and the time to clear snow and ice was suspended between the hours of 9:00 p.m. and 7:00 a.m. In support, defendants submitted an affidavit from a meteorologist who interpreted certified meteorological data from LaGuardia Airport, Central Park Observatory, and other locations and averred that, as relevant here, snow fell in the vicinity of the accident from 9:00 a.m. to 6:35 p.m. on February 15, 2016; then snow, sleet, and freezing rain fell between 6:35 p.m. to 7:50 p.m.; and then from 7:50 p.m. to 11:50 p.m., freezing rain, sleet, and rain fell.
The motion court properly granted defendants' motion for summary judgment. Defendants' expert affidavit established that defendants were not required to remove snow and ice from the sidewalk until after plaintiff's fall (see Wexler v Ogden Cap Props., LLC, 154 AD3d 640 [1st Dept 2017], lv denied 31 NY3d 909 [2018]; Weinberger v 52 Duane Assoc. LLC, 102 AD3d 618, 619 [1st Dept 2013]). Plaintiff fails to articulate a basis to reject defendants' expert's affidavit.
Plaintiff concedes that the meteorological records establish that snow fell until approximately 8:00 p.m. on the evening before his accident. Thus, under Administrative Code of City of NY § 16-123(a), defendants were not required to remove snow and ice from the sidewalk until 10:00 a.m. on February 16, 2016, hours after plaintiff's fall. Plaintiff cannot rely on his own testimony or the testimony of his cousin to raise an issue of fact, as neither could remember whether it had snowed on February 15, 2016.
Defendants also satisfied their prima facie burden of demonstrating that they did not cause or contribute to the hazardous condition of the sidewalk that caused plaintiff's fall. To raise a triable issue of fact, plaintiff was required to offer some basis from which it could reasonably be inferred that the snow on which he slipped was the result of a negligent attempt by defendants to remove the snow (Rios v Acosta, 8 AD3d 183, 184 [1st Dept 2004]). Plaintiff argues that his cousin's testimony that he and another individual piled snow on the sidewalk near the curb, and that he saw plaintiff kneeling near the curb after the accident supports the inference that defendants negligently piled snow near the curb, causing plaintiff to slip on that snow. That argument, however, is speculative and insufficient to defeat defendants' motion for summary judgment (e.g. Montiel v Sailsman[*2], 134 AD3d 470, 471 [1st Dept 2015]). In fact, plaintiff never stated that he slipped or tripped on a pile of snow.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021