Cruz v Heights Broadway, LLC (2023 NY Slip Op 02612)

Cruz v Heights Broadway, LLC

2023 NY Slip Op 02612

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Index No. 161711/19 Appeal No. 244 Case No. 2022-04024 

[*1]Yolanda Cruz, Plaintiff-Respondent,
v
Heights Broadway, LLC, et al., Defendants-Respondents, 185th Operating LLC, Defendant-Appellant, The City of New York, Defendant.
Heights Broadway, LLC., Third-Party Plaintiff-Respondent,
v
185th Operating LLC, Third-Party Defendant-Appellant, Staples the Office Superstore East, Inc., Third-Party Defendant.

Keller O'Reilly & Watson, P.C., Woodbury (Deniz A. Gunaydin of counsel), for appellant.
Greenberg Law, P.C., New York (Robert J. Menna of counsel), for Yolanda Cruz, respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about June 23, 2022, which, to the extent appealed from, denied defendant 185th Operating LLC's motion for summary judgment dismissing plaintiff's claims and defendant Heights Broadway, LLC's cross-claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint against 185th Operating LLC. 
185th Operating established its prima facie entitlement to summary judgment, as it demonstrated that had no statutory or contractual duty toward plaintiff. Although the applicable statute requires tenants to clear snow and ice from the sidewalks around their premises, the statute does not impose tort liability for noncompliance (Administrative Code of the City of New York § 16-123[a]; see Smalley v Bemben, 12 NY3d 751, 752 [2009]). Furthermore, Administrative Code § 7-210(a), which requires property owners to maintain the sidewalk abutting their property, does not impose liability on 185 Operating, as 185 Operating is a tenant of the premises, not the owner. Not only did 185th Operating's lease with defendant owner Heights Broadway specifically state that 185th Operating was not responsible for maintaining the sidewalks adjacent to the premises, but Heights Broadway's lease with defendant Staples The Office Superstore East, Inc., a tenant occupying the same building as 185th Operating, expressly made Staples responsible for clearing snow and ice from the sidewalk where the icy condition had occurred.
The record does not present any evidence that 185th Operating's earlier voluntary snow removal created or exacerbated a hazardous condition that then caused plaintiff's injury (see Montiel v Sailsman, 134 AD3d 470, 470-471 [1st Dept 2015]; Rugova v 2199 Holland Ave. Apt. Corp., 272 AD2d 261, 263 [1st Dept 2000]).
In view of the foregoing, the cross claims against 185th Operating for
indemnification and contribution are also dismissed.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023