| **Richardson v City of New York** |
|:---:|
| 2024 NY Slip Op 33095(U) |
| September 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 453090/2021 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**                                   PART                    21

*Justice*

-------------------------------------------------------------------------------X

BRITTANI RICHARDSON,

                      Plaintiff,

               - v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY and METROPOLITAN TRANSPORTATION
AUTHORITY,

                      Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 453090/2021 |
| MOTION DATE | 11/09/2023 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 163-193

were read on this motion to/for           SUMMARY JUDGMENT (AFTER JOINDER)   .

      In this action, plaintiff alleges that she slipped and fell while walking down a stairway into the subway station, due to the negligent accumulation of snow and ice on stairway. Defendants now move for summary judgment dismissing the complaint on the ground of storm in progress defense. Plaintiff opposes the motion.

## BACKGROUND

      Plaintiff Brittani Richardson alleges that, on February 1, 2021, at 3:50 p.m., she slipped and fell while descending a stairway into the subway station at Lenox Avenue & 135th Street, "due to the negligent accumulation of snow and ice on the descending staircase" (*see* Defendants' Exhibit C in support motion, complaint ¶ 54 [NYSCEF Doc No. 131]; *see* Defendants' Exhibit D in support of motion, verified bill of particulars ¶ 4).

      At the statutory hearing, plaintiff testified to the following: on February 1, 2021, at approximately 3:45 or 3:50 p.m., she was traveling from her friend's apartment located at 2190 Madison Avenue in Manhattan to her work location, which is near 10th Avenue and 59th Street (Defendants' Exhibit E in support of motion, tr at 10, lines 15-20 through 11, lines 1-3; at 18, lines 17- 22; at 19, lines 20-21; [NYSCEF Doc. No. 173]). When asked what the weather was on the morning before the accident, up until the time of the accident, plaintiff responded, "snowstorm" (*id.* at 20, lines 2-4).

      According to plaintiff, she was walking down the right side of the stairway, holding onto the handrail (*id.* at 21, lines 21-24; at 22, line 14). At the time of the accident, plaintiff noticed that snow had been shoveled, but there were a lot of mounds

453090/2021   RICHARDSON, BRITTANI vs. THE CITY OF NEW YORK ET AL          Page 1 of 6
Motion No. 008

of snow still covering the steps, on the right, left and center of the stairway (*id.* at 22, lines 2-4, lines 7-9). "[A]bout four or five steps down," plaintiff's right foot slipped (*id.* at 21, lines 12-15; at 22, lines 21-23). Plaintiff stated that her shoulder jerked, she felt her ankle twist, and "my bottom hit a step" (*id.* at 22, lines 15-17).

At her deposition, plaintiff testified as follows: the accident occurred on February 1, 2021, approximately at 3:45-3:50 p.m. (Defendants' Exhibit G in support of motion, plaintiff's EBT at 50 lines 20-23 through 51, lines 2-4 [NYSCEF Doc. No. 175]). Plaintiff testified that she stayed over her friend's apartment the night before (*id.* at 52, lines 2-5; at 54, lines 11-13). She recalled a snowstorm as she had left the apartment on February 1, 2021 (*id.* at 57, lines 15-17). Plaintiff stated that it started snowing after midnight (*id.* at 58, lines 7-9). As she left the apartment, the snow coming down was "heavy" (*id.* at 58, lines 19-21).

Plaintiff stated that, as she approached the staircase, she observed "snow-covered steps. You could see where there had been -- you can see like that someone attempted to clear a path on the steps on like either side, the left and the right side, but it was still mounds of snow on the steps" (*id.* at 61, line 25 through 62, lines 7-11). According to plaintiff,

"I was just walking down the steps and slipped and twisted like my right ankle and kind of jerked my right arm on the rail and then straightened out my body a bit, got up, and proceeded to go down the steps more carefully and catch the train to work" (*id.* at 65, lines 17-22).

On July 12, 2023, CTA Michael Moore testified at a deposition (Defendants' Exhibit I in support of motion [NYSCEF Doc. No. 177]). Moore stated that, for the past eight years, he is employed as a Station Cleaner with the New York City Transit Authority, and that he has been assigned to the 135th Street Subway Station for the last three years (*id.* at 9, lines 3-13; at 10, line 1). According to Moore, station cleaners would be called in to assist with snow removal in the event of a snowstorm (*id.* at 13, lines 3-7).

Moore testified that he recalled working on February 1, 2021, but he had no recollection of cleaning any snow from the stairways at the subway station located at 135th Street & Lenox Avenue that day (*id.* at 17, lines 12, 21-25). Moore stated that documents are created when snow removal is being performed at a subway station (*id.* at 19, line 24 through 20, lines 1-2). According to Moore, the station supervisor "collect[s] all the cleaner's names and passes who worked that day on the snow emergency" (*id.* at 20, lines 11-13).

According to snow removal records, nine cleaners, including Moore, worked on January 31, 2021 from 0030-0800 at five stations, including 135th Street:

**453090/2021  RICHARDSON, BRITTANI vs. THE CITY OF NEW YORK ET AL**   **Page 2 of 6**
**Motion No.  008**

2 of 6

[* 2]

**Division of Stations**
**Cleaners' Snow Removal Bonus**

Charge Job #: 02157

DAY/DATE: Sun. Jan. 31, 2021

| NAME | PASS # | JOB # | TOUR OF DUTY | RDO's | TIME OF REMOVAL | AMOUNT OF SNOW BONUS | SUPERVISOR | PASS # | STATIONS ASSIGNED |
|------|--------|-------|--------------|-------|-----------------|----------------------|------------|--------|-------------------|
| Michael Moore | 619071 | NHDC097 | 2200-0600 | W/T | 0030-0600 | 4:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| John Hefter | 380005 | NHDC020 | 2200-0600 | F/S | 0030-0600 | 4:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Tevin Frith | 295014 | NC0061 | 2200-0600 | W/T | 0030-0600 | 4:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Tricia Lewis | 521114 | NHDC021 | 2200-0600 | M/T | 0030-0600 | 4:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Edward Pickney | 703029 | NC0042 | 2300-0700 | T/F | 0030-0700 | 5:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Kevin Young | 991043 | NC0072 | 2300-0700 | T/W | 0030-0700 | 5:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Israel Ruiz | 770048 | NC0070 | 2300-0700 | T/W | 0030-0700 | 5:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Sheikh Hossain | 409046 | NC0071 | 2300-0700 | T/W | 0030-0700 | 5:00 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |
| Gregory Sapp | 782029 | NC0044 | 2400-0800 | M/T | 0030-0800 | 4:30 | W. Johnson | 444401 | 3rd Ave-149, 135, 125, 116, 110 |

(*see* Defendants' Exhibit J in support of motion [NYSCEF Doc. No. 178] [emphasis supplied]). On February 1, 2021, from 2200-1000, seven workers worked at three stations, including 135th Street:

**Division of Stations**
**Cleaners' Snow Removal Overtime**

Reporting Room:
Charge Job #: 02157

DAY/DATE: Monday/February 1, 2021

| NAME | PASS # | JOB # | TOUR OF DUTY | RDO's | TIME WORKED | AMOUNT OF OVERTIME | OT SAVE See (*) Below | SUPERVISOR | PASS # | STATIO | | | | RE-OPO/T (DAY ORTING TO WORK) |
|------|--------|-------|--------------|-------|-------------|--------------------|-----------------------|------------|--------|--------|---|---|---|-------------------------------|
| Jermaine Ortiz | 669066 | 6999 | 2200-0600 | S/M | 2200-1000 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |
| James Mulligan | 630016 | 8999 | 2200-0600 | M/T | 2200-1000 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |
| Tricia Lewis | 521114 | 6999 | 2200-0600 | M/T | 2200-1000 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |
| Sheldon Freeman | 292046 | 6999 | 2200-0600 | S/M | 2200-1000 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |
| Thomasina Lennard | 516039 | 6999 | 2200-0600 | M/T | 2200-1000 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |
| David Butler | 121030 | 6999 | 2200-0600 | S/M | 2200-1000 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |
| Sophia Stewart | 859011 | 6999 | 2300-0700 | S/M | 2300-1100 | 12 | | GSS W. Spencer | 846701 | 149-3rd Ave, 135(2), 116 (2) | | | | 2/1/21 |

(*id.* [emphasis supplied]).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

453090/2021   RICHARDSON, BRITTANI vs. THE CITY OF NEW YORK ET AL     Page 3 of 6
Motion No.  008

[* 3]

On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Defendants argue that the complaint should be dismissed based on the "storm in progress" doctrine (affirmation of defendant's counsel ¶¶ 23-28 [NYSCEF Doc. No. 164]). In support of the motion, defendant submitted climatological records from the National Oceanic & Atmospheric Administration for New York for February 2021 (Defendants' Exhibit K in support of motion [NYSCEF Doc. No. 179], local climatological data).

Under the storm in progress doctrine, a property owner will not be held liable for an accident caused by weather conditions "ongoing storm or for a reasonable time thereafter" (*Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]). The doctrine "is designed to relieve the worker(s) of any obligation" to mitigate hazards created by the storm when the storm conditions will likely render those mitigation efforts "fruitless" (*Powell v MLG Hillside Assoc.*, L.P., 290 AD2d 345 [1st Dept 2002]). The storm in progress doctrine is also applicable where one falls inside a facility because of a slippery condition brought about as a direct consequence of ongoing inclement weather (*see also Hussein v New York City Tr. Auth.*, 266 AD2d 146, 146-47 [1st Dept 1999] ["[J]ust as it is unreasonable to require the Transit Authority to keep the floors of subway cars clean and dry during ongoing storms, when the subway cars are continuously filled with wet commuters, similarly, a station floor cannot be effectively kept dry in such circumstances" [internal citation omitted]).

Here, defendants met the prima facie burden of demonstrating that there was a storm in progress at of plaintiff's alleged slip and fall. Climatological records established that trace precipitation began falling on January 31, 2021 as of 6 p.m., and precipitation continued to fall on February 1, 2021, which stopped on February 2, 2021 by 7 a.m. (Defendants' Exhibit K in support of motion).

Plaintiff argues that, "[e]ven during an ongoing storm, while ordinarily there would be no duty to remove snow, if one takes steps to remove snow and ice, liability may result if those efforts create a hazardous condition or exacerbate a natural hazard created by the storm" (*Suntken v 226 W. 75th St. Inc.*, 258 AD2d 314 [1st Dept 1999] [internal citations omitted]; *see also Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524 [2d Dept 2012]).

In support plaintiff's arguments, plaintiff provides a 45-page document entitled "Snow/Ice Removal Investigation Report", as exhibit 1 to its opposition papers (NYSCEF Doc. No. 182). The report is signed by two individuals named "John A. Allin, CSP" and "Lisa M. Rose, CSP, ASCA-C", whom plaintiff's counsel refers to as "experts" (*id.* at 2 of 45; affirmation in opposition [NYSCEF Doc. No. 180) ¶¶ 5, 7-9).

In their report, Allin and Rose, assert:

**453090/2021   RICHARDSON, BRITTANI vs. THE CITY OF NEW YORK ET AL**
**Motion No.  008**

Page 4 of 6

[* 4]

"It is our opinion, within a reasonable degree of professional certainty based upon generally accepted practices within the snow and ice management industry, that Brittani Richardson's slip-and-fall incident was caused by the dangerous conditions created by The City of New York and/or New York City Transit Authority and/or Metropolitan Transportation Authority. Specifically, defendants created the dangerous conditions by attempting to remove the snow and by applying de-icing material to the snow- and ice-covered stairway, which lowered the freezing point of water and created water that then refroze under new snowfall, but then defendants failed to re-clear and/or reapply the product which they were obliged to do once they began addressing the icing situation" (Snow Report at 40-41).

However, nowhere in the Snow Report do the authors provide any specific evidence or detailed basis for their belief that defendants applied "de-icing material" to the subject stairway or for their belief that such "de-icing material . . . created water that then refroze under new snowfall" (*id.*). Amidst the 14.8 inches of snow that fell on the date of the accident (Defendants' exhibit K in support of motion [NYSCEF Doc. No. 179], climatological reports), it is possible that defendants "shoveled that area because a record log showed that crew members working that night to clear snow" (*Santana v Melendez*, 180 AD3d 569, 570 [1st Dept 2020]). However, Allin and Rose's theory that defendants exacerbated the hazardous condition of the stairs is "purely speculative" (*id.*; *see also Gleeson v New York City Tr. Auth.*, 74 AD3d 616, 616-17 [1st Dept 2010] ["There is simply no evidence that by removing the snow and applying salt, defendant exacerbated the condition"]).

To the extent that Allin and Rose are arguing that defendants exacerbated a "natural hazard" by not removing all of the snow, that argument is also unavailing: "Absent a statute to the contrary, one who attempts to remove snow from a sidewalk is not subject to liability simply because he or she failed to remove all of the snow" (*Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 463 [1st Dept 2007]); *see also Spicehandler v City of New York*, 279 App Div 755, 756 [2d Dept 1951] ["There is no evidence that appellant created a condition on the sidewalk dangerous to pedestrians. The most the evidence shows is that appellant, although removing snow and ice from the sidewalk on several occasions following storms . . . failed to remove all snow and ice], *affd* 303 NY 946 [1952]).

Allin and Rose also make extensive arguments that defendants "violated industry standards of practice, pertinent local and national safety codes, and generally accepted practices that a commercial property owner and/or person(s) in charge of such a property should adhere to concerning snow and ice management services" (Snow Report at 38). In sum, Allin and Rose essentially argue that defendants should have done more to prepare for and remove the snow during the snowstorm, citing various publications as to best snow removal practices. But such arguments ignore that defendants had no legal duty undertake snow remediation efforts during an "ongoing storm or for a reasonable time thereafter" (*Solazzo*, 6 NY3d at 735).

453090/2021  RICHARDSON, BRITTANI vs. THE CITY OF NEW YORK ET AL
Motion No. 008

Page 5 of 6

## CONCLUSION

It is hereby **ORDERED** that the motion for summary judgment by defendants New York City Transit Authority and Metropolitan Transportation Authority is **GRANTED**, and the complaint is dismissed in its entirety, with costs and disbursements to said defendants, as taxed by the Clerk, upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the Clerk is directed to enter judgment in defendants' favor accordingly.

This constitutes the decision and order of the court.

20240904191417RTSAI208B32C6F16B4769A02BB2113B3A1346

| 9/4/2024 | | RICHARD TSAI, J.S.C. |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**453090/2021   RICHARDSON, BRITTANI vs. THE CITY OF NEW YORK ET AL**
**Motion No.  008**

Page 6 of 6

6 of 6

[* 6]