Gonzalez-Taveras v City of New York
2026 NY Slip Op 03389
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Luis Manuel Gonzalez-Taveras, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.

Decided and Entered: June 02, 2026
Index No. 21986/15|Appeal No. 6768|Case No. 2025-04049|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Kreizer Law, New York (David P. Kreizer of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about April 11, 2025, which granted defendants' respective motions for summary judgment dismissing plaintiff's complaint as against them, unanimously affirmed, without costs.
Supreme Court properly granted the motion of defendants City of New York and New York City Department of Transportation (together, the City) because they established their prima facie entitlement to summary judgment based on the storm-in-progress doctrine by demonstrating that they did not have a reasonable amount of time to discover and remedy the alleged icy condition prior to plaintiff's fall (see Valentine v City of New York, 86 AD2d 381, 382-383 [1st Dept 1982], affd 57 NY2d 932 [1982]). The City submitted certified climatological records which showed that, between 2:00 a.m. and 2:00 p.m. on February 5, 2014, a total of four inches of snow fell in the subject area. At approximately 8:15 a.m. on February 6, plaintiff allegedly fell on a patch of ice on the sidewalk. The climatological records also showed that temperatures on the 5th and 6th of February fluctuated between 34 degrees and 21 degrees, with an average of 27 degrees on February 6th, and "very cold" temperatures that morning. Taken together, the temperature fluctuation and the passage of only 18 hours from the end of the storm until plaintiff's alleged slip and fall are sufficient to show that the City did not have a reasonable time to remedy the alleged icy condition (see Saavedra v City of New York, 137 AD3d 421, 422 [1st Dept 2016]; Gerver v City of New York, 280 AD2d 289, 289 [1st Dept 2001]). In opposition, plaintiff failed to provide evidence to rebut this showing (see Ayala v City of New York, 198 AD3d 407, 407 [1st Dept 2021]). Plaintiff also failed to provide any evidence to support his theory that the ice he slipped on was old or preexisting (see id.).
The City established through testimony and documentary evidence that it neither created nor had notice of the alleged icy condition (see Roman v Met-Paca II Assocs., L.P., 85 AD3d 509, 509-510 [1st Dept 2011]). The City's witness established that City employees were assigned to clear snow from roadways and crosswalks in the area, not walkways in front of privately owned residential houses. There was no evidence of debris from the road on the sidewalk. Plaintiff himself attested that he did not initially see the ice, and that it appeared practically transparent. Photographs of the sidewalk taken on the date of the accident did not depict apparent ice (see Pena v City of New York, 161 AD3d 522, 522 [1st Dept 2018]). In opposition, plaintiff submitted no evidence to rebut this showing.
[*2]
The court properly granted summary judgment to defendants Cong Tan Luu and Nga Vuu. It is undisputed that their single-family house qualifies for the statutory exemption set forth in Administrative Code of the City of NY § 7-201(b). Therefore, they owed no duty of care to maintain the sidewalk in a reasonably safe condition (see Rizzo v City of New York, 178 AD3d 503, 503 [1st Dept 2019]). There is no evidence that Mr. Luu's snow removal on the day prior to the accident created or exacerbated a dangerous snow condition (see Rios v Acosta, 8 AD3d 183, 184 [1st Dept 2004]). Plaintiff's arguments concerning constructive notice and the "last known inspection" are thus inapplicable (see Lauer v City of New York, 95 NY2d 95, 100 [2000]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026